## OAKLAND HEIGHTS MOBILE PARK, INC.
### *v.* JAMES SIMON
### (12595)

O'CONNELL, FOTI and HEIMAN, Js

Argued October 28—decision released December 20, 1994

*Edward E. Moukawsher,* for the appellant (plaintiff).
*James Simon,* pro se, the appellee (defendant).

HEIMAN, J. The plaintiff in this summary process action seeking possession for nonpayment of rent

appeals from the judgment of the trial court rendered in favor of the defendant. On appeal, the plaintiff claims that the trial court improperly (1) found that the defendant had sufficiently raised the equitable defense of relief from forfeiture, (2) granted the defendant equitable relief from forfeiture without considering whether the defendant's nonpayment of rent was willful or grossly negligent, and (3) found that the defendant had cured the rental arrearage that prompted the summary process action.

The following facts are relevant to this appeal. The defendant leased lot forty-one in the plaintiff's mobile home park located in Norwich. Pursuant to a month-to-month oral lease, the defendant was obligated to pay $220 per month to rent the lot on which his mobile home sits, as well as the cost of propane fuel provided by the plaintiff. A 5 percent late charge was applied to late payments of rent.

In December, 1992, the defendant failed to pay rent. As a result, the plaintiff served the defendant with a notice to quit on December 31, 1992, for nonpayment of rent. On January 5, 1993, the defendant tendered a check in the amount of $100, along with a note apologizing for the delay in payment. The plaintiff refused to accept the check because it did not represent total payment of the amount owed and, instead, commenced a summary process action on February 8, 1993.[1]

---

[1] General Statutes §§ 47a-23 through 47a-42 establish Connecticut's summary process procedures. Section 47a-23 (a) provides in pertinent part: "When the owner or lessor . . . desires to obtain possession or occupancy of . . . any land upon which a trailer is used or stands, and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons . . . (D) nonpayment of rent . . . such owner or lessor . . . shall give notice to each lessee or occupant to quit possession or occupancy of such land . . . ."

General Statutes § 47a-23a (a) further provides in pertinent part: "If . . . the lessee or occupant neglects or refuses to quit possession or occupancy

In his answer, the defendant admitted all of the plaintiff's allegations, except that the notice to quit was duly served. He admitted in his pleadings and in his testimony at trial, however, that he did receive the notice to quit. The defendant asserted as a special defense that all rent had been paid, with the reservation that he had made several attempts to make payment on the arrearage, but they were refused. The plaintiff denied the allegations in the defendant's special defense.

The defendant appeared pro se. In its memorandum of decision, the trial court determined that the defendant was not in arrears and was entitled to equitable relief from forfeiture. The plaintiff's claim to possession of the property was, therefore, denied and judgment was rendered in favor of the defendant. This appeal followed.

I

The plaintiff first claims that the trial court improperly addressed the equitable defense of relief from forfeiture when the defense was not properly raised by the defendant. We agree.

The following facts are necessary for the proper resolution of this issue. The defendant did not raise the equitable defense of relief from forfeiture in his pleadings. The only defense asserted was that he attempted to make partial payment to the plaintiff, but that such attempts were rebuffed. He did not assert any counterclaims against the plaintiff.

At trial, the defendant called Francis Beauregard, one of the owners of the plaintiff corporation, to testify. The defendant proceeded to ask Beauregard ques-

of the premises, any commissioner of the superior court may issue a writ, summons and complaint . . . which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises. . . ."

tions concerning a move of the defendant's mobile home from one lot in the park to another, prior to the defendant's purchase of the home. He claimed that the evidence was relevant to establish the amount of time and money he had invested in his mobile home. Upon objection by the plaintiff's counsel, the court reminded the defendant that any claims he might have against the plaintiff for damage to his mobile home would have to be addressed in a separate proceeding. It was at this time that the defendant claimed that his questioning was relevant to the equitable defense of relief from forfeiture. Counsel for the plaintiff objected that the defense had not been pleaded and the court explained to the defendant that even if judgment was rendered for the plaintiff, the plaintiff would not gain possession of his mobile home. The court further informed the defendant that his line of questioning was remote to the case at hand and, the defendant, at that point, indicated that he had no further questions of the witness. The plaintiff did not cross-examine the witness and the trial ended without argument by either party.

In *Fellows* v. *Martin*, 217 Conn. 57, 584 A.2d 458 (1991), our Supreme Court held that equitable defenses such as relief from forfeiture are available to tenants in summary process proceedings. In order to establish the defense, a tenant must show: "(1) the tenant's breach was not willful or grossly negligent; (2) upon eviction the tenant will suffer a loss wholly disproportionate to the injury to the landlord; and (3) the landlord's injury is reparable." *Cumberland Farms, Inc.* v. *Dairy Mart, Inc.*, 225 Conn. 771, 778, 627 A.2d 386 (1993). This defense is available, however, only if properly raised. *Fellows* v. *Martin*, supra, 62–63.

It has long been established that "[t]he purpose of pleadings is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until after the close of the evidence." *Biller* v. *Harris*, 147

Conn. 351, 357, 161 A.2d 187 (1960). Practice Book § 164 provides that "[f]acts which are consistent with [the plaintiff's statements of fact] but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged." The equitable defense of relief from forfeiture does not deny the allegations of a plaintiff's complaint for summary process. A defendant asserting a defense of relief from forfeiture does not dispute that a lease has been terminated and that rent is owed and has not been paid. Such a defendant alleges, however, that there are equitable reasons that establish that possession should not be taken away from the defendant. Therefore, the equitable defense of relief from forfeiture must be pleaded as a special defense. See *Cumberland Farms, Inc.* v. *Dairy Mart, Inc.*, supra, 225 Conn. 777; *Elliott* v. *South Isle Food Corp.*, 6 Conn. App. 373, 376, 506 A.2d 147 (1986); *Seven Fifty Main Street Associates* v. *Spector*, 5 Conn. App. 170, 171, 497 A.2d 96, cert. dismissed, 197 Conn. 815, 499 A.2d 804 (1985); *Mobilia* v. *Santos*, 4 Conn. App. 128, 130, 492 A.2d 544 (1985); cf. *Fellows* v. *Martin*, supra, 217 Conn. 64–65 (defense considered sufficiently before trial court even though raised as counterclaim).

A defendant's failure to plead a special defense precludes the admission of evidence on the subject. *DuBose* v. *Carabetta*, 161 Conn. 254, 261, 287 A.2d 357 (1971). Therefore, the defendant's failure to assert the equitable defense of relief from forfeiture in his pleadings constituted a waiver of that defense and it should not have been considered by the trial court. Although our courts are "consistently . . . solicitous of the rights of pro se litigants," the rules of practice cannot be ignored to the detriment of other parties. *Connecticut Light & Power Co.* v. *Kluczinsky*, 171 Conn. 516, 519, 370 A.2d 1306 (1976); see also *Higgins* v. *Hartford County Bar Assn.*, 109 Conn. 690, 692, 145 A. 20 (1929). It would be fundamentally unfair to allow any defend-

ant to await the time of trial to introduce an unpleaded defense. Such conduct would result in "trial by ambuscade" to the detriment of the opposing party. See *Manning* v. *Michael*, 188 Conn. 607, 613, 452 A.2d 1157 (1982).

The defendant did not properly raise the equitable defense of relief from forfeiture and, therefore, the trial court should not have considered it.

## II

The plaintiff next claims that the trial court improperly granted the defendant equitable relief from forfeiture without considering whether the defendant's nonpayment of rent was willful or grossly negligent. Because we have determined that the defense of relief from forfeiture was not properly before the trial court, we need not decide this issue.

## III

The plaintiff's final claim is that the trial court improperly found that the defendant had cured the arrearage that was the basis of the summary process action. We agree.

The following facts are necessary for the resolution of this issue. At trial, a representative of the plaintiff offered as an exhibit a document purporting to summarize her testimony regarding the amount still owed to it by the defendant. This document listed the moneys owed by the defendant for rental, late fees, and propane fuel for the months from December, 1992, until April, 1993. It also listed the amounts paid by the defendant until the date of trial. A comparison of these figures established the plaintiff's claim that the defendant was still in arrears in the amount of $230.88. The defendant did not object to the admission of the document into evidence, but objected only to the amount claimed owed. His objection was grounded on his asser-

tion that he thought the figure to be overstated by approximately $15. The trial court admitted the document into evidence and assured the defendant that it would take into consideration his belief that the amount represented was incorrect.[2]

In addition, the defendant took the stand as a witness. On cross-examination by the plaintiff, the defendant admitted that he was in arrears.[3] Despite the undisputed testimony, the trial court found that the defendant had cured the arrearage and was current as of the date of trial.

"On appeal, this court may reverse or modify the decision of the trial court only 'if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record.' Practice Book § 4061. 'We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on

[2] The objection by the defendant was as follows:

"The Defendant: Your Honor, I would object to this being entered into evidence. I believe that it is incorrect. It does not correctly state—it is certainly a small amount, but I think it is off by about $15. Other than that, I don't object to it being entered.

"The Plaintiff's Counsel: Your Honor, it is being offered just as a summary of [the plaintiff's] testimony as made to the court. If [the defendant] has any quarrel to the amount, he can certainly testify about that if the court would like to examine it.

"The Court: Your claim is to the effect that . . . it is off by maybe $15.00 or so?

"The Defendant: That's correct.

"The Court: Well, the court will take that into account. It may be marked and I will be mindful of that."

[3] The plaintiff's questions concerning the arrearage and the defendant's responses were as follows:

"The Plaintiff's Counsel: Let's run down for a moment, at this point . . . you still owe over $215 today? Even at your figure?

"The Defendant: That's correct.

"The Plaintiff's Counsel: So you still have not paid all the arrears as of this date?

"The Defendant: Yes. To answer, no I have not paid them all."

the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported.' (Internal quotation marks omitted.) *Lukas* v. *New Haven*, 184 Conn. 205, 208, 439 A.2d 949 (1981); *Cheshire Mortgage Service, Inc.* v. *Montes*, 223 Conn. 80, 88, 612 A.2d 1130 (1992); *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.*, 207 Conn. 468, 473, 542 A.2d 692 (1988)." *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 503–504, 646 A.2d 1289 (1994).

"A finding of fact is clearly erroneous when there is no evidence in the record to support it; *Dalia* v. *Lawrence*, 226 Conn. 51, 71, 627 A.2d 392 (1993); or 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Doyle* v. *Kulesza*, 197 Conn. 101, 105, 495 A.2d 1074 (1985), quoting *United States* v. *United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); see also *Web Press Services Corp.* v. *New London Motors, Inc.*, 205 Conn. 479, 483, 533 A.2d 1211 (1987).' (Internal quotation marks omitted.) *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, supra, 230 Conn. 504." *Dornfried* v. *October Twenty-Four, Inc.*, 230 Conn. 622, 636–37, 646 A.2d 772 (1994).

Our review of the record persuades us that the trial court improperly found that the defendant was not in arrears at the time of trial. The plaintiff established that the defendant was in arrears and presented testimony to that effect. The defendant in no way contradicted this evidence, except as to the specific amount of arrearage. The defendant admitted in no uncertain terms that he had not paid to the plaintiff all that he owed as of the date of trial. The evidence was, therefore, undisputed that the defendant remained in arrears

and the finding of the trial court to the contrary is clearly erroneous. See *John J. Brennan Construction Corp.* v. *Shelton*, 187 Conn. 695, 701, 448 A.2d 180 (1982).

The judgment is reversed and the case is remanded with direction to render judgment in favor of the plaintiff.

In this opinion the other judges concurred.