[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION — APPEAL WAIVER
Antina, born April 22, 1979, filed a petition for statutory emancipation under General Statutes § 46b-150b (3) and (4). The mother represented herself to oppose the petition. In a written memorandum, the court granted the petition. The pro se mother wishes to appeal and on the appeal form JD-SC-28 requested a waiver specifically of a $400.00 recognizance fee. Practice Book § 4015, however, was revised as of September 31, 1996 to eliminate any initial or up front security for costs (recognizance). The $250.00 filing fee does remain. At oral CT Page 521-LL argument, the mother stated she was seeking waiver of all fees and costs. The court would continue to pay fees of the daughter's court appointed counsel and costs during any appeal process.
While the mother may have a right of appeal, the issue is whether the state must finance the effort.
After specifically referring the mother to § 4017 the court allowed the pro se mother additional time to revise her material. After some delay, she submitted a Statement of Issues listing five grounds. She also filed a two page argument beyond the court's request. None of the resubmitted material is under oath. Failure to comply with Practice Book requirements should be fatal to her request for waiver.
Great latitude is allowed to a litigant who represents herself in legal proceedings, so far as the just rights of the other party are protected. The pro se is "bound by the same rules of evidence and procedure as those qualified to practice law"Cersosimo v. Cersosimo (internal citations omitted)188 Conn. 385, 393-394 (1982); Oakland Heights Mobile Park. Inc. v. Simon,36 Conn. App. 432, 436-437 (1994). Every reasonable assistance was provided to the mother: O'Connor v. Solomon, 103 Conn. 745
(1926).
Assuming she is in compliance, the mother challenges the CT Page 521-MM rulings on evidence and the conclusions of the court in this statutory action. The court heard the testimony of the child who appeared to be poised articulate and focused. The court also considered testimony of the mother and her witness, the grandfather. Any material not heard was based on successful objection by opposing counsel. Before the end of the hearing, the court specifically advised the mother that all evidence was due before the end of the hearing. Nevertheless, when immediately after conclusion of the hearing the pro se indicated she understood the court would then be considering ex parte material previously submitted and sequestered, the court agreed to review what is now Exhibit M-2, as noted in the Memorandum of Decision.
In its Memorandum the court commented that emancipation is not inconsistent with mutual respect and love, suggesting possible reconciliation between mother and emancipated
 III
Antina living separately and not dependent on a parent for support may be emancipated under non-statutory procedures. F. Cady, "Emancipation of Minors" 12 Conn. L. Rev. 62 (1979). That issue was not before the court.
The court notes that teenager Antina in three months, on CT Page 521-NN April 22, 1996, will no longer be a minor under operation of law. § 1-1d. There is no reason to believe the Appellate Court would not dismiss this case as moot after that date.
The mother describes this case as a Landmark case and as an "ultimate tragedy to herself and her nuclear and extended family." Issue 4. She complains about the legislative policy and the role of DCF and the present host family. She complains about her daughter's health and mental state. After considering the relevant evidence, the court decided the statutory issues before it.
 IV
Even though indigency was found, the court further finds that under § 4017 the mother is not entitled to an appeal at stateexpense as her likelihood of success is slight. The appeal would be frivolous.
Accordingly, the application for waiver of fees, costs and expenses in denied.
SAMUEL S. GOLDSTEIN JUDGE TRIAL REFEREE CT Page 521-OO