[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The pro se plaintiff, Rocco Acerbo, filed a sixty-three page handwritten complaint against the defendants, Mr. and Mrs. Stanley Bunk, Stanley Bunk Jr., Julia Bloom,[1] Philip D. Russell,[2] Ivy, Barnum O'Mara,[3] Amy Starobin, Edward O'Hanlan,[4] Elizabeth Grove[5] and O'Rourke O'Hanlan.[6]
In his complaint, the plaintiff accuses the defendants of various crimes and civil wrongs. Taking the complaint as a whole, the plaintiff's cause of action appears to be for civil conspiracy. The plaintiff claims that each of the defendants conspired in various ways to bring about a foreclosure of the plaintiff's property at 26 Grey Rock Drive, Greenwich in 1995. This conspiracy is alleged to have existed over a number of years for the purpose of ensuring that the plaintiff "would lose everything for lack of income." The conspiracy allegedly includes the plaintiff's divorce from the defendant Bloom. It also includes an apparent concerted effort by the defendants to turn everyone against the plaintiff, such as his employers, co-workers, tenants, relatives, neighbors, lawyers and others.
For example, the plaintiff alleges that since 1970 the Bunks "instigated" the various tenants at 26 Grey Rock Drive to move out, leaving the property without income. This is alleged to have occurred in reference to other properties the plaintiff allegedly owned with his daughter. The plaintiff also claims that the Bunks caused the plaintiff to be fired from or to quit various jobs, and was the reason he was unable to gain employment at other companies. In addition, the plaintiff alleges that Attorney Russell committed a felony of "false personation," and Attorney Grove is liable for abuse of process. Further, the plaintiff alleges that all of the defendants have libeled, threatened and harassed him. He also asserts that the defendants are guilty of various felonies and malpractice.
The defendants O'Rourke O'Hanlan, Edward O'Hanlan and CT Page 3869 Elizabeth Grove have filed a motion for summary judgment on the grounds that there is no such action in Connecticut as a "conspiracy to foreclose," that the defendants represented various lending institutions and therefore owed no duty to the plaintiff, and that the plaintiff's claims against the defendants were previously raised and are therefore barred by the doctrines of res judicata and collateral estoppel.
The plaintiff has filed six subsequent pleadings with the court, totaling well over one hundred handwritten pages, none of which are substantively responsive to the motion for summary judgment before the court. The plaintiff argues that he has already requested that this case proceed forward to trial, and therefore the motion for summary judgment should be denied as a matter of law. The plaintiff argues that since he has requested a jury trial pursuant to motion # 179, the defendants are precluded from filing the instant motion.[7] The plaintiff also raises new allegations and charges under state and federal law against more attorneys and others who have become involved in this case, including an assistant United States attorney, the court of appeals in Hartford, a deputy sheriff and the town of Greenwich.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.)Maffucci v. Royal Park Limited Partnership, 243 Conn. 552, 554, ___ A.2d ___ (1998). "Although we will not entirely disregard our rules of procedure, we do give great latitude to pro se litigants in order that justice may be done." Lawson v. Whitey's FrameShop, 42 Conn. App. 599, 610, 682 A.2d 1016 (1996). "Although our courts are `consistently . . . solicitous of the rights of CT Page 3870 pro se litigants', the rules of practice cannot be ignored to the detriment of other parties." Oakland Heights Mobile Park, Inc. v.Simon, 36 Conn. App. 432, 436, 651 A.2d 281 (1994).
The defendants have supplied the court with the detailed affidavits of Attorney O'Hanlan and Attorney Grove which amply describe the actions taken by the court and the defendants pursuant to the plaintiff's foreclosure case. The plaintiff has failed to supply the court with any documents which can be used to successfully refute the facts as recited by the defendants in their affidavits. "Nowhere in his supporting documentation does the plaintiff offer anything but his own opinion and conclusions, based primarily on unsworn factual assertions — contained not in his affidavit, but in his accompanying memoranda. . . ."Scinto v. Stamm, 224 Conn. 524, 532-33, 620 A.2d 99 (1993). Accordingly, there is no material issue of fact in dispute, and the court may decide the defendants' motion as a matter of law.
"The contours of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.) Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964
(1993).
The plaintiff has failed to present to the court admissible evidence supporting the contention that the defendants combined to do a criminal or unlawful act or a lawful act by criminal or unlawful means. The defendants represented their client in reference to foreclosure actions on approximately thirty mortgage loans in default in Fairfield County, one of which was made to the plaintiff. Prior to receiving the Acerbo file from their clients, the defendants had no knowledge of the plaintiff, and had never communicated with him directly or about him with any third party for any reason. The defendants also state that any communications made to Attorney Russell in his capacity as the plaintiff's attorney were always strictly professional, and did not concern the plaintiff personally or other named defendants, and did not include discussion of acts or endeavors to act in some sort of unified or wrongful way to foreclose on the plaintiff's property. None of the defendants had ever heard of any of the non-lawyer individuals identified by the plaintiff as being co-conspirators, and have never had contact or CT Page 3871 communications with or from the other defendants. The defendants did not endeavor to foreclose on the plaintiff's property using illegal or wrongful means, but represented their clients, the mortgagee and its assigns, which were determined by the court to have a legitimate basis for foreclosing on the plaintiff's property.
Attorney Grove adopts those claims set forth in Attorney O'Hanlan's affidavit to the extent that she has personal knowledge of them. Attorney Grove adds that she was assigned the foreclosure action against the plaintiff in 1992, and before that time had never communicated with the plaintiff or about the plaintiff with any third party, for any reason. Attorney Grove's contacts with Attorney Russell and his firm were strictly professional and adversarial in nature, did not concern the plaintiff or the other defendants personally, and there was no discussion of acting or endeavoring to act in some sort of unified or wrongful way against the plaintiff.
Viewing these undisputed facts in the light most favorable to the plaintiff, the plaintiff cannot prove as a matter of law that the defendants combined to do a criminal or unlawful act or a lawful act by criminal or unlawful means. Therefore, the plaintiff cannot show that the defendants engaged in a civil conspiracy to foreclose against his property and the defendants are entitled to judgment as a matter of law. Accordingly, it is unnecessary to address the additional arguments raised by the defendants in support of the motion for summary judgment.
For the foregoing reasons, the motion for summary judgment filed by Edward O'Hanlan, Elizabeth Grove and the law firm of O'Rourke, O'Hanlan Zimmermann, LLP is granted.
D'ANDREA, J.