[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
In this case the jury returned a verdict in favor of the plaintiff for a total of economic and non-economic damages in the amount of $120,000. Pursuant to the jury's evaluation and application of the court's instructions on comparative negligence, the jury attributed to the plaintiff 49% of the responsibility in causing the accident.
Pursuant to P.B. § 16-35 the plaintiff has now filed a motion to set aside that portion of the jury verdict reducing damages based on comparative negligence. The plaintiff claims that the court should not have instructed the jury on comparative negligence and that the jury's consideration of that instruction was improper because (1) the defendant as a matter of law was not entitled to such an instruction because she failed to plead it as a special defense and (2) by charging the jury on the basis of a claim not included in the pleadings of the defendant, the plaintiff was prejudiced in his prosecution of this action at all stages of the proceedings.
This case arose out of injuries received as a result of a collision between the defendant's vehicle and the rear of the plaintiff's vehicle.
The revised complaint asserted that the collision was caused by the defendant's negligence in one or more of the following CT Page 8945 ways:
(1) she followed too closely in violation of § 14-240 CGSA
(2) she was speeding in violation of § 14-218a CGSA
(3) she failed to keep her car under proper control
 (4) she failed to keep a reasonable and proper lookout for other motor vehicles lawfully on the highway
 (5) she failed to apply her brakes in time to avoid the collision and
 (6) she failed to adequately swerve in time to avoid the collision
(Paragraph 6 of Revised Complaint)
The revised complaint was filed July 1, 1996 and an answer and special defense were filed on July 11th of that year. The answer denied the allegation of negligence set forth in paragraph 6 of the complaint. After the answer the following appeared:
BY WAY OF SPECIAL DEFENSES:
1. On information and belief, the plaintiff backed his vehicle from the driveway of 424 West Avenue in a negligent fashion directly into the path of the defendant violation of Connecticut General Statutes Section 14-243, subsection (a) and (b).
2. He suddenly decreased the speed of his vehicle, stopped suddenly without first giving an appropriate signal and this failed to warn the vehicle following his own vehicle, by mechanical or manual means, of his stop, in violation of Section 14-242 (c) and Section 14-244 of the General Statutes;
3. He failed to keep his vehicle under proper control and improperly positioned his vehicle so that mechanical or manual warnings of his stop were not visible;
4. He operated his vehicle with stop lamps that were not visible from a distance of 300 feet to the rear in normal CT Page 8946 sunlight, in violation of Section 14-96 (e) and section 14-96 (r) of the General Statutes;
5. He operated his vehicle with turn signals that were not visible from a distance of 500 feet in normal sunlight, in violation of Section 14-96 (r) of the General Statutes;
6. He failed to operate his turn signal although he was required to do so, in violation of Section 14-96 (r) and Section 14-101 of the General Statutes.
Under our statutes and rules of practice cases that have addressed the issue have held that contributory negligence and comparative negligence must be specially pled, see § 52-114
CGSA, Delott v. Roraback. 179 Conn. 406, 414 (1980), Dotzenko v.Bd. of ; Education, 3 CLT, #9, page 17 (1977), Flemke v. Lester, 6 Conn. L. Rptr 506 (1992), Kennedy v. First National SupermarketInc., 1994 WL 260703 (Conn.Super.).
The plaintiff vigorously maintains that the defendant did not properly plead comparative negligence. He argues that each special defense really amounts to "an elaboration of defendant's denials" and served to bring attention to the facts and statutory violations that the defendant claimed entitled her to prevail. The plaintiff further notes that Moller Horton recognize that lawyers often plead issues as special defenses although they are not required to do so. Certain defenses can be taken advantage of by a denial but this is not required so the defendant may decide to plead these defenses as special defenses. Moller and Horton go on to point out that this would be "tactically sound if the facts concerning a particular defense are incontrovertible and the defendant wants to draw the jury's attention to the defense in the pleadings," Connecticut Practice Book Annotated § 164, page 332 (3d Ed 1989).
The plaintiff goes on to argue that the special defenses asserted here reflected an effort to draw the jury's attention to certain claims, it was not an effort to plead comparative negligence.
In any event the plaintiff argues that charging the jury on comparative negligence was highly prejudicial and for the court to permit the defendant post trial to amend the special defenses to explicitly raise comparative negligence would only confirm the prejudicial effect of the court's prior rulings and instructions CT Page 8947 to the jury. Plaintiff's counsel states that he reviewed the special defenses as filed and concluded early on that these special defenses were insufficient to defeat plaintiff's claim in its entirety. This, the plaintiff claims affected decisions as to settlement posture, what witnesses to call, whether to take further depositions and what to put on in rebuttal, whether to retain and call expert witnesses. Different judgments would have been made if the plaintiff had been on notice that comparative negligence could be considered by the jury.
The plaintiff cites the language in two appellate cases:
 "Rules of pleading . . . are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits," Salem Park Inc. v. Town of Salem, 149 Conn. 141, 145 (1961).
 "It would be fundamentally unfair to allow any defendant to await the time of trial to introduce an unpleaded defense. Such conduct would result in 'trial by ambuscade' to the detriment of the opposing party," Oakland Heights Mobile Park Inc. v. Simon, 36 Conn. App. 432, 436 (1994).
The court cannot accept the plaintiff's characterizations of the special defenses as merely an "elaboration of the defendant's denials" or the implication by reference to Moller and Horton that the defendant could have taken advantage of the defenses she asserted by way of a "simple denial" and just chose to plead them as special defenses. A denial, simply put, controverts the allegations of a plaintiff's complaint — the special defenses raised here do more than controvert, that is deny the plaintiff's allegations of negligence; some assert defenses not alluded to by or raised by the plaintiff's allegations. Some of the facts that can and were raised by the special defenses are not inconsistent with several of the plaintiff's allegations of negligence but if believed by the jury would serve only to show negligence on the plaintiff's part (See PB § 164 for definition of situations where such facts must be specifically alleged as special defenses.[1] Moller and Horton as noted by the plaintiff himself and quoted previously states that it might by "tactically" appropriate to raise as special defenses, instead of CT Page 8948 by simple denial, certain defenses "if the facts concerning a particular defense are uncontrovertible." This is so because by raising a matter as a special defense the defendant assumes the burden on it, Coogan v. Lynch, 88 Conn. 114, 116 (1914).
But the "facts" raised by the special defenses here were controverted so why would the defendant wish to raise them in such a way as to assume the burden of proof on them if they are merely elaborated denials. At one point the plaintiff concedes that by raising these defenses as special defenses the defendant assumed the burden of proving them and "consistent with that the court charged the jury on defendant's burden to prove" (them). If she met her burden she prevailed. If she did not and plaintiff met his burden, he prevailed. That is no different than the result if defendant had merely interposed denials," (page 6 of 7/1/98 brief). The result might be the same under this view but the legal and procedural mechanism to reach the result are different. What the plaintiff is alluding to but not specifically referencing is "contributory negligence," not the common law rule which is no longer operative but the § 52-572 (h)(b) situation where there is a bar to recovery if the plaintiff's negligence is over 51% in the combined total negligence that caused the accident. But § 52-572 (h)(b) is not alluded to in the special defenses nor is "contributory negligence" in its truncated statutory form. Why should the defendant pursuant to the plaintiff's reasoning be allowed to assume the burden on such a defense under subsection (b) of § 52 572(h) but not also be able to rely on subsection (c) and the rules as to comparative negligence?
The problem can be approached from a common sense or fairness point of view. Such an analysis proceeds on the assumption that our rules of pleading are to be liberally interpreted and our state is explicitly a fact pleading state the scope of any legal theory or whether a particular legal theory is raised is determined by the facts alleged in any pleading.
Thus, for example, under the relation back doctrine amendments are allowed asserting a theory of relief not previously asserted even if the statute of limitations would otherwise bar the claim if the facts asserted in the original pleading gave notice of the newly asserted claim for relief,Federal Practice and Procedure, Wright, Kane, Miller, Volume 6A § 1497, discussion of federal rule 15(c). Our court in effect has adopted the Rule 15(c) relation back doctrine, GiahoCT Page 8949v. Conn. Light Power Co., 180 Conn. 230 (1980).
Keeping these general observations in mind what would a lawyer looking at these special defenses fairly be held to have notice of? He or she would know that special defenses are being asserted that do not merely controvert the claims made in the complaint, that by pleading the matters as special defenses the pleader has assumed the burden of proof, and that the allegations and facts plead could form the basis of a defense under § 52 572(h)(b) (51% contributory negligence bar) or subsection (c) (comparative negligence). If there is any doubt in the lawyer's mind the ready mechanism of a request to revise or motion to strike available.
The interest of the court is necessarily different from the adversarial position of either the defendant or the plaintiff. For courts the guiding principle should be that insofar as possible all matters and all issues in dispute between parties should be fully litigated. Given what the court perceives that a lawyer should have been put on notice by these special defenses and the tools available to clear up any questions concerning the pleadings, it does not seem unfair, and it in fact is appropriate where there was no arguable intent to mislead or deceive, to hold that the special defenses raised the issue of comparative negligence. The days of common law pigeon hole pleading are long past, and if a party by the allegations and facts asserted in a pleading, should realize that a certain defense or theory of recovery can be based on the pleading although not explicitly so stated, that party should not be able to wait until the end of trial and cry foul when the theory is advanced — because (1) he or she had every means to protect him or herself (2) the situation is such as that there was no arguable intent to mislead.
The motion to set aside the verdict is denied.
CORRADINO, J.