[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE
On May 26, 1998, the plaintiff, Norwest Mortgage, Inc., filed a complaint against the defendants, Kenneth P. Cook, Jr. and Nancy Anne Cook (hereinafter the "defendants"), seeking CT Page 1998 foreclosure of a mortgage, immediate possession of the mortgaged property, a deficiency judgment, appointment of a receiver and reasonable attorney's fees and costs.
According to the complaint, the plaintiff is an assignee of a note and mortgage executed by the defendants to the McCue Mortgage Company on October 6, 1994. The defendants allegedly mortgaged property located at 279 Black Ash Road in Montville, Connecticut to McCue in exchange for $175,000.00. Through various subsequent assignments, the plaintiff now allegedly owns and holds the note and mortgage.
The plaintiff alleges that the defendants have an unpaid balance of $172,361.83 In principal, plus interest and late charges from October 1, 1996 to present and continuing. The plaintiff also alleges that it has exercised its option to declare the entire balance due and payable.
On August 25, 1998, the defendants filed their answer and two special defenses to the plaintiff's complaint. Their first special defense alleged that the plaintiff improperly administered the defendants' account in a number of ways, and was stricken by this court on May 11, 1999. Their second special defense alleges that the plaintiff, in accepting payments and through other conduct, has waived its right to accelerate the indebtedness.
On August 16, 1999, the plaintiff filed a motion for summary judgment on the issue of liability only, and a memorandum of law in support. The plaintiff also filed the supporting affidavits of Janet Burke and Caroline I. Abreu, as well as other documentary evidence. On September 3, 1999, the defendants filed an objection to the plaintiff's motion for summary judgment, along with a memorandum of law, affidavit of the defendant Kenneth P. Cook and other documentary evidence. The plaintiff filed a reply memorandum of law to the defendants' objection on October 4, 1999. In support of this memorandum, the plaintiff filed the affidavits of Scott Bowlsby and Randall S. McHugh. On October 15, 1999, the defendants filed a memorandum in response to the plaintiff's reply to the defendants' objection to the plaintiff's motion for summary judgment.
Additionally, the plaintiff filed a motion to strike the affidavit of Kenneth P. Cook, Jr. on October 4, 1999, and a memorandum of law in support. The defendants filed an objection CT Page 1999 to this motion and a memorandum of law in support on October 15, 1999.
 I. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages." Practice Book §17-50. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
The plaintiff seeks summary judgment on the issue of liability only, on the ground that there is no genuine issue of material fact which exists between the parties regarding the allegations in the complaint. In support of its motion, the plaintiff relies upon the pleadings, as well as the affidavits and documentary evidence submitted in support of its motion. Specifically, the plaintiff attaches the affidavit of Janet Burke, which states that the defendants executed the note and mortgage at issue to the McCue Mortgage Company on October 6, CT Page 2000 1994, and that due to subsequent assignments, the plaintiff now owns the note and mortgage. The affidavit of Caroline I. Abreu further asserts that the defendants are now in default by virtue of nonpayment of the installments of principal and interest due on November 1, 1996, and each and every month thereafter. Further, the plaintiff notes that the defendants have admitted, by virtue of their answer and affidavit, that they executed the note and mortgage with the McCue Mortgage Company, and that they presently own and possess the mortgaged premises.
Although the defendants contest that the mortgage is in default, the plaintiff contends that the affidavits they have submitted in support of their motion for summary judgment amply demonstrate that the defendants were in fact in default. The plaintiff also attaches a copy of the original mortgage note as evidence. Further, the plaintiff submitted the affidavit of Scott Bowlsby, Land Foreclosure Specialist for Norwest Mortgage, Inc. This affidavit and the attached evidence demonstrate an unsteady stream of payment which the plaintiff received from the defendants until the date the defendants filed for bankruptcy, April 25, 1997. This evidence also purports to show that on November 1, 1996, the defendants were behind with payments, and legally in default.
The defendants filed an objection to the plaintiff's motion for summary judgment and a memorandum of law in support. In support of their position, the defendants filed the affidavit of Kenneth P. Cook, Jr., which states that the defendants are not in default, but rather, behind in payments because the plaintiff failed to properly credit payments that the defendants made both prior to November 1, 1996 and subsequent to November 1, 1996. Attached to said affidavit are copies of two canceled checks that the defendants contend were sent to the plaintiff, in addition to "other payments." The plaintiff has moved to strike this affidavit on the ground that it is insufficient as a matter of law, since it is deficient as to authentication and foundation and sets forth inadmissible hearsay.
 A. MOTION TO STRIKE AFFIDAVIT
In order for this court to decide the present motion for summary judgment, it is necessary to first address the plaintiff's motion to strike the affidavit of Kenneth P. Cook, Jr. "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party CT Page 2001 opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence of disclosing the existence of such an issue."Maffucci v. Royal Part Ltd. Partnership, supra, 243 Conn. 554. "[T]he existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted). United Services AutomobileAssn. v. Marburg, 46 Conn. App. 99, 107, 698 A.2d 914 (1997). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 17-46. If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof. See United Services Automobile Assn. v. Marburg, supra, 108; 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377 (1994). Moreover, it is well established that when deciding a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998) A motion to strike may be used to contest the legal sufficiency of an affidavit submitted in support of a motion for summary judgment. See 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., supra, 569 n. 3 ("a motion to strike is the proper method to attack a counteraffidavit that does not comply with the rules")
In support of its motion to strike, the plaintiff argues that the statements made in paragraphs four, five and six of the defendants' affidavit are conclusory, and therefore not admissible evidence. The plaintiff argues that the statements contained therein are made without proper foundation or authentication, and that the affidavit itself is hearsay, not falling within any noted exception. In opposition, the defendants contend that paragraphs four, five and six allege facts, supported by admissible documentary evidence, which support the allegations of the defendants' answer and special defense.
The pertinent part of the Cook affidavit states:
"4. My wife and I are not in default as indicated in the CT Page 2002 plaintiff's Complaint inasmuch as the plaintiff has failed to properly credit payments that we have made both prior to November 1, 1996 and subsequent to November 1, 1996. I am annexing hereto as Exhibits "A" and "B" documentation evidencing payments made and accepted by the plaintiff.
5. Exhibits "A" and "B" are canceled checks from the plaintiff from July and August 1997. Additionally, my wife and I made other payments. This is acknowledged in correspondence from plaintiff's counsel dated March 18, 1998 and annexed hereto as Exhibit "C."
6. Furthermore, the plaintiff, thorough its agent, servants and employees [has] advised me to send payments and that they would waive any claimed default." Affidavit of Kenneth W. Cook, ¶¶ 4-6 (emphasis in original).
The Connecticut Supreme Court has held that "[h]earsay statements are insufficient to contradict facts offered by the moving party . . . and if an affidavit contains inadmissible evidence it will be disregarded." 2830 Whitney Avenue Corp. v.Heritage Canal Development Associates, Inc., supra,33 Conn. App. 568-69. The defendants' assertion that the plaintiff orally advised them to send payments despite being in default is clearly hearsay, not falling within any exception, thus, this court will disregard paragraph six of the Cook affidavit.
Moreover, paragraphs four and five assert conclusions rather than facts. Cook claims that he and his wife are not in default for various reasons, and then purports to substantiate this assertion by submitting two canceled checks cashed by the plaintiffs. The court will not consider such conclusory statements as they are insufficient to oppose the plaintiff's evidence submitted in support of the motion for summary judgment. "[L]egal conclusions expressed in the pleadings are not deemed to be admitted when the legal sufficiency of the pleading is attacked." People's Bank v. BMI Industries, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 318430 (April 26, 1988, Hennessey, J.) (3 C.S.C.R. 450). As such, paragraphs four, five and six are stricken from the Cook affidavit.
 B. MOTION FOR SUMMARY JUDGMENT
This court now turns to address the plaintiff's motion for summary judgment. In order to make out a prima fade case in a CT Page 2003 foreclosure action, the plaintiff "must prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bankv. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975 (1999). Here, the plaintiff has submitted a myriad of evidence establishing that the plaintiff is the true owner of the note and mortgage and that the defendant is, in fact, in default. Specifically, the affidavit of Burke establishes that the defendants executed the note and mortgage voluntarily to the McCue Mortgage Company, and that the plaintiff is the current owner and holder of the note and mortgage. Further, the affidavit of Bowlsby enumerates the defendants' payment history, demonstrating that the defendants were in default as of November 1, 1996.
The defendants oppose summary judgment on the ground that there exists a genuine issue of material fact concerning whether or not they are truly in default. Specifically, the defendants argue that summary judgment is inappropriate because: (1) default is in question because the defendants' affidavits and answer deny that there has been a default; and (2) there is a genuine issue of material fact as to whether the plaintiff waived the right to accelerate the debt as alleged in the second special defense.
The defendants' first contention, that default is in question because of the defendants' statements in their affidavits and answer asserting that there has been no default, is without merit. The defendants claim that "the very existence of the default has been called into question by virtue of the defendants' Answer. . . . The defendants have clearly raised in their Affidavit and attached Exhibits the existence of a dispute regarding the plaintiff's claimed default." Defendants' Objection to Plaintiff's Motion For Summary Judgment, p. 3. In addition to the Cook affidavit, the defendants also submitted copies of two canceled checks, dated July and August, 1997, purporting to establish that the defendants had, in fact, continually made payments and therefore were not in default. No other evidence is submitted to contest the affidavit and attached evidence of Bowlsby.
By asserting this argument, the defendants may be attempting to show that there has been no default because the November 1, 1996 mortgage installment was in fact paid in a timely manner. See Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433
(1927); Southbridge Associates, LLC v. Garofalo, CT Page 200453 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229
(1999). Practice Book § 10-50, however, requires that "payment (even though nonpayment is alleged by the plaintiff). . . . must be specifically pleaded. . . ." Practice Book § 10-50. A defendant's failure to plead a special defense precludes the admission of evidence on the subject . . . See e.g., DuBose v.Carabetta, 161 Conn. 254, 261, 287 A.2d 357 (1971). Therefore, "the defendant's failure to assert [a defense] . . . in his pleadings [constitutes] a waiver of that defense and it should not [be] considered by the trial court." Oakland Heights MobilePark, Inc. v. Simon, 36 Conn. App. 432, 436, 651 A.2d 281 (1994). Consequently, the defendants may not rely on payment as a defense, as it has already waived that defense by failing to specifically plead it.
Alternatively, the defendants may be attempting to restate the allegations of the first special defense, struck by this court on May 21, 1999, on the basis that it addressed only the amount of the debt rather than the making, validity or enforcement of the mortgage or note itself. Because the plaintiff's motion is for summary judgment only as to liability, the precise amount of the debt is not a genuine issue of material fact. See Practice Book § 17-50; Security Pacific National Bankv. Robertson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 124622 (August 28, 1997,Hickey, J.).
Furthermore, the defendants have failed to produce any persuasive evidence indicating that payments were actually made or that the plaintiff failed to credit any payments. Although the defendants have attached two canceled checks from July and August, 1997, this does not raise a genuine issue of material fact from the plaintiff's assertion that the defendants were in default on November 1, 1996. The defendants rely only on the conclusory statements in the defendant Cook's affidavit, which this court has decided to strike. "Mere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." (Citation omitted.) WadiaEnterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 170,604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992).
The defendants' next attempt to defeat summary judgment by arguing their second special defense of waiver. First, the CT Page 2005 defendants challenge the plaintiff's assertion that summary judgment may be entered in favor of a plaintiff if the defendant has raised a special defense. Second, the defendants argue that there is a genuine issue of material fact as to whether the plaintiff waived its right to accelerate the debt.
With regard to the former, a search of appellate authority reveals, numerous cases in which the courts have affirmed the granting of motions for summary judgment under such circumstances. See e.g., Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 595 A.2d 334 (1991); SouthbridgeAssociates, LLC v. Garofalo, supra, 53 Conn. App. 11; Bank ofBoston Connecticut v. Scott Real Estate, Inc., 40 Conn. App. 616,673 A.2d 558, cert. denied, 237 Conn. 912, 675 A.2d 884 (1996); see also Mechanics Savings Bank v. Walker, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 500701 (March 13, 1995, Corradino, J.) (14 Conn. L. Rptr. 129) ("As long as the plaintiff establishes the validity of the underlying claim for relief, why shouldn't a court address attacks on the special defenses if they are the only matters standing in the way of the decision as to the appropriateness of summary disposition short of trial?")
The Connecticut Supreme Court has held that inclusion of a nonwaiver clause will defeat the inference of waiver that would normally arise from a mortgagee accepting payments after the mortgagor's default. "While inconsistent conduct may, under certain circumstances, be deemed a waiver of a right to acceleration, the insertion of a nonwaiver clause is designed to avoid exactly such an inference . . . Thus, the plaintiff's earlier election to accept late payments rather than to enforce acceleration [does] not operate as a waiver of his contractual right to accelerate." (Citation omitted.) Christensen v. Cutaia,211 Conn. 613, 619-20, 560 A.2d 456 (1989).
In the present matter, the mortgage agreement expressly provides: "If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default." Plaintiff's exhibit # 1. Consequently, the inclusion of this nonwaiver provision means that the plaintiff's decision to accept late payments did CT Page 2006 not constitute waiver of the plaintiff's contractual right to accelerate the debt upon default, as a matter of law.
The defendants argue, however, that the Supreme Court's holding in Christensen "is not as narrow as the plaintiff represents," because there were additional grounds for the holding, in that case. It is true that the Court in that opinion went on to state that an additional ground for concluding that there had been no waiver was the fact that the notes in that case required waiver to be in writing. See id., 620. It is clear from the Court's opinion, however, that the presence of the nonwaiver clause was a sufficient basis, in and of itself, for concluding that there was no issue of material fact as to waiver. The motion for summary judgment will not, therefore, be denied on the basis of waiver.
 II. CONCLUSION
The defendants in the present matter have failed to submit evidence to this court which sufficiently demonstrates the existence of a genuine issue of material fact. The plaintiff has amply shown that it rightfully owns and holds the note and mortgage and that the defendants were in default as of November 1, 1996. Although the defendants have alleged a special defense of waiver, it will not operate to defeat the imposition of summary judgment in favor of the plaintiff. Moreover, due to the existence of the nonwaiver provision in the mortgage agreement, the defendants' special defense has no merit. As such, summary judgment is granted in favor of the plaintiff as to the issue of liability only.
Martin, J.