[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT #132
 FACTS
The plaintiff, Fleet Bank, N.A., filed a complaint in one count on October 17, 1996, seeking foreclosure and possession of the CT Page 2055 premises belonging to the defendants, Evangelos and Terry Akavalos, located at 20 Dean Road in East Lyme. In the complaint, the plaintiff alleges that the defendants executed a promissory note and mortgaged the property to Comfed Mortgage Co., Inc. on July 1, 1987 and that the mortgage deed was recorded in the East Lyme land records. The plaintiff further alleges that the mortgage and note were assigned to Lomas Mortgage USA, Inc. on September 21, 1991, and that the plaintiff is now the holder of the note and mortgage. The complaint goes on to allege that the note and mortgage are in default because the defendants failed to pay the installments due on and after October 1, 1995, and that the plaintiff has exercised its option to declare the entire balance of $111,060.91 due and payable.
The defendants filed an answer and two special defenses on November 12, 1998. In their answer, the defendants admit the allegations of the complaint regarding the recording of the mortgage deed in the land records and their ownership and possession of the premises. They deny that the plaintiff is owner of the note and mortgage, the amount of the unpaid balance, that they are in default, and that the plaintiff has elected to accelerate the debt. The defendants leave the plaintiff to its proof on all other allegations. The first special defense alleges that the plaintiff failed to properly administer the defendants' account by miscalculating the indebtedness, failing to accept timely payments, failing to credit payments, and misapplying payments. The second special defense alleges that the plaintiff, by accepting payments, waived its right to accelerate the debt.
On January 25, 1999, the plaintiff filed a motion to strike both special defenses. This court granted the motion with respect to the first special defense on the ground that the defense addressed only the amount of the debt rather than the making, validity, or enforcement of the note or mortgage. The motion to strike the second defense was denied on the ground that waiver is a proper special defense in a foreclosure action; it was noted, however, that "if plaintiff proves the existence of a non-waiver clause . . . then this defense would fail." The defendants filed a motion to reargue, which was denied by this court on June 9, 1999.
The plaintiff filed a motion for summary judgment as to liability on September 7, 1999, accompanied by a memorandum of law, affidavits, the land records, and other documentary evidence. The defendants filed an objection to the motion for CT Page 2056 summary judgment, a memorandum of law, and an affidavit of the defendant Evangelos Akavalos on October 12, 1999. The defendants' objection states that the motion for summary judgment should be denied because of the existence of a material issue of fact concerning the existence of a default.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
"Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue."Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotations marks omitted.)Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997). A party's "conclusory statements, in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996).
The plaintiff, then, must show that there is no genuine issue CT Page 2057 of material fact and that it is entitled to a judgment of foreclosure as a matter of law. To make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note."Webster Bank v. Flangan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999). The plaintiff argues that is has has produced sufficient evidence to make out a prima facie case. Among the documents submitted with the plaintiff's motion is a copy of the Assignment of Mortgage indicating that the mortgage has been assigned to the plaintiff. The plaintiff has also submitted the affidavit of an employee of the plaintiff's servicer, stating that the plaintiff owns the mortgage and that the defendants are in default as a result of nonpayment of the installments due on and after October 1, 1995.
The defendants object to the motion for summary judgment on the ground that there exists a material issue of fact concerning whether there is a default. Specifically, the defendants argue that default is in question because of the defendants' statements in their affidavits and answer that there has been no default, and because of the plaintiff's alleged failure to give notice as required in the mortgage documents before accelerating the debt. The defendants also assert that summary judgment is inappropriate because there is a genuine issue of material fact as to whether the plaintiff waived the right to accelerate the debt as alleged in the second special defense. Additionally, the defendants claim that uncertainty as to when the plaintiff became holder of the note and mortgage raises a genuine issue of material fact. If any of these arguments has merit, the motion must fail.
 I
First, the defendants claim that "the very existence of the default has been called into question by virtue of the defendants' Answer and Affidavit." The affidavit of Evangelos Akavalos states that the defendants "are not in default as indicated in the plaintiff's Complaint inasmuch as the plaintiff has failed to accept payments and has failed to properly credit payments made both before and after the claimed default." No other clarification is given as to the amounts or dates of these alleged payments. Consequently, it is difficult to ascertain the exact nature of the defendants' argument.
One possibility is that the defendants are attempting to show CT Page 2058 that there has been no default because the October 1, 1995 mortgage installment was in fact paid in a timely manner. Payment is a recognized defense in a foreclosure action. SeePetterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433
(1927); Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999). Practice Book § 10-50, however, requires that "payment (even though nonpayment is alleged by the plaintiff] . . . must be specially pleaded. . . ." "A defendant's failure to plead a special defense precludes the admission of evidence on the subject. DuBose v. Carabetta,161 Conn. 254, 261, 287 A.2d 357 (1971). Therefore, the defendant's failure to assert [a defense] in his pleadings [constitutes] a waiver of that defense and it should not [be] considered by the trial court." Oakland Heights Mobile Park, Inc. v. Simon,36 Conn. App. 432, 436, 651 A.2d 281 (1994). Consequently, the defendants may not rely on payment as a defense, as it has already waived that defense by failing to specially plead it.
Alternatively, the defendants may be attempting to restate the allegations of the first special defense, that was struck by this court, on the basis that it addressed only the amount of the debt rather than the making, validity, or enforcement of the mortgage or note itself. Because the plaintiff's motion is for summary judgment only as to liability, the precise amount of the debt is not a genuine issue of material fact. See Practice Book §17-50; Security Pacific National Bank v. Robertson,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 124622 (August 28, 1997, Hickey,J.).
Furthermore, the defendants have failed to produce any evidence indicating that payments were actually made or that the plaintiff failed to credit any payments. Instead, they rely only on the conclusory statement in the defendant's affidavit. "Mere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." (Citation omitted.) Wadia Enterprises. Inc. v. Hirschfeld,27 Conn. App. 162, 170, 604 A.2d 1339, aff'd, 224 Conn. 240,618 A.2d 506 (1992).
 II
The defendants next argue that there is a question of material CT Page 2059 fact as to the existence of a default because the plaintiff failed to provide notice prior to acceleration as required by the mortgage documents. Paragraph 19 of the mortgage, submitted by the plaintiff in support of its motion, provides that "[l]ender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." Paragraph 14 of the mortgage provides that "any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by Notice to Lender as provided herein. . . . Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given in the manner designated herein." The defendant Evangelos Akavalos, in his affidavit, states that "[t]his notice was not sent to us. Because this notice was not sent we maintain that the plaintiff cannot bring its cause of action."
"Where the question whether proper notice was given depends on the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law. . . ." Citicorp Mortgage, Inc. v. Porto,41 Conn. App. 598, 602, 677 A.2d 10 (1996). The unambiguous language of the mortgage regarding notice makes it clear that notice is deemed to have been given when it is sent by first-class mail. Consequently, whether the defendants actually received the notice is immaterial. See First Trust National Association v.Weiss, Superior Court, judicial district of New London at New London, Docket No. 545361 (December 8, 1998, Martin,J.); Starr v. Vigo, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 861918 (October 11, 1991, Berger, J.).
The plaintiff's documentary evidence in support of the motion for summary judgment includes a copy of a notice letter, dated November 3, 1995, from Lomas Mortgage USA, the holder of the mortgage at that time, to the defendants at the address of the mortgaged premises. The plaintiff has also submitted a copy of a postmarked mailing list, indicating that the letter was mailed to the defendants on November 6, 1995. The defendants have failed to provide any evidence to the contrary other than the affidavit's bald assertion that the letter was never sent. As stated above, such bald assertions are insufficient to defeat a motion for summary judgment. Because the defendants have provided no evidence that the plaintiff failed to satisfy the notice CT Page 2060 requirements under the mortgage, there is no genuine issue of material fact regarding notice, and the motion for summary judgment may not be denied on that ground.
 III
The defendants also argue that their second special defense of waiver should defeat the motion for summary judgment. First, the defendants challenge the plaintiff's assertion that summary judgment may be entered in favor of a plaintiff if the defendant has raised a special defense. Second, the defendants argue that there is a genuine issue of material fact as to whether the plaintiff waived its right to accelerate the debt. With regard to the former, a search of appellate authority reveals numerous cases in which the courts have affirmed the granting of motions for summary judgment under such circumstances. See, e.g.,Connecticut Bank and Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 595 A.2d 334 (1991);Southbridge Associates, LLC v. Garofalo, supra,53 Conn. App. 11; Bank of Boston Connecticut v. Scott RealEstate, Inc., 40 Conn. App. 616, 673 A.2d 558, cert. denied,237 Conn. 912, 675 A.2d 884 (1996); see also MechanicsSavings Bank v. Walker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500701 (March 9, 1995, Corradino, J.) ("As long as the plaintiff establishes the validity of the underlying claim for relief, why shouldn't a court address attacks on the special defenses if they are the only matters standing in the way of the decision as to the appropriateness of summary disposition short of trial?").
With regard to the defendant's argument that there is a genuine issue of material fact as to whether the plaintiff waived its right to accelerate the debt, the plaintiff claims that that special defense is invalid because of the existence of a nonwaiver clause in the mortgage. The clause, under the heading of "No Waiver by Note Holder," provides that "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time."
The Supreme Court has held that inclusion of a nonwaiver clause will defeat the inference of waiver that would normally arise from a mortgagee accepting payments after the mortgagor's default. "While inconsistent conduct may, under certain CT Page 2061 circumstances, be deemed a waiver of a right to acceleration, the insertion of a nonwaiver clause is designed to avoid exactly such an inference. . . . Thus, the plaintiff's earlier election to accept late payments rather than to enforce acceleration [does] not operate as a waiver of his contractual right to accelerate." (Citation omitted.) Christensen v. Cutaia,211 Conn. 613, 619-20, 560 A.2d 456 (1989). Here, the clause expressly provides that a failure to accelerate will not defeat the note holder's right to acceleration at a later time. Consequently, even if the plaintiff's actions in this case would normally raise a genuine issue of material fact as to whether there was a waiver of the right of acceleration, the inclusion of the nonwaiver clause means that those actions do not constitute waiver as a matter of law.
The defendant argues, however, that the Supreme Court's holding in Christensen "is not as narrow as the plaintiff represents," because there were additional grounds for the holding in that case. It is true that the Court in that opinion went on to state that an additional ground for concluding that there had been no waiver was the fact that the notes in that case required waiver to be in writing. Christensen v.Cutaia, supra, 211 Conn. 620. It is clear from the Court's opinion, however, that the presence of the nonwaiver clause was a sufficient basis, in and of itself, for concluding that there was no issue of material fact as to waiver. The motion for summary judgment will not, therefore, be denied on the basis of waiver.
 IV
Finally, the defendants argue that summary judgment is improper in this case because there is a factual dispute regarding the date on which the plaintiff acquired the note and mortgage. They state that because the assignment of mortgage indicates that the plaintiff acquired the mortgage after this action was commenced, there is an issue of fact as to who was entitled to payment at that time. While there may be a genuine dispute as to the date of assignment, it is not an issue of material fact. As previously stated, a plaintiff in a foreclosure action needs only to prove that it is the owner of the note and mortgage and that the defendant is in default. Because the defendants do not offer any evidence to dispute that the plaintiff is now the holder of the note, there is no genuine issue of material fact in this regard. CT Page 2062
For the foregoing reasons, the plaintiff's motion for summary judgment as to liability is granted.
Martin, J.