JOSEPH A. HIGGINS *vs.* THE HARTFORD COUNTY BAR ASSOCIATION.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued January 3d—decided March 7th, 1929.

*Joseph A. Higgins,* for the plaintiff, *pro se.*

*James W. Carpenter,* for the defendant.

WHEELER, C. J.   There is only one question at this time we need determine, namely, whether the refusal of the trial court to make a finding of facts for purposes of appeal is justified upon this record.   The ground of the court's decision was the failure of the plaintiff-appellant to state the questions of law arising in the trial which he desired to have reviewed in violation of § 18 of the Practice Book, page 311, which reads: "Every draft of a finding presented by counsel must be accompanied by a written request to the judge to make the finding..  The request must contain a statement of the questions of law arising in the trial, which it is desired to have reviewed."   The primary purpose of this rule is to enable the opposing party and the judge to understand by reasonable inspection of this written request what the error or errors of law desired reviewed are.   We have held that this rule is not an absolute one but may be waived at the discretion of the court.

Turning to the record we find that the plaintiff sets

up the claimed errors of law which he desired reviewed. Instead of separately stating them in the request for a finding, as the rule required, he mingled them in separate paragraphs with the paragraphs of the facts in the draft-finding. Paragraph ninety-one of the draft-finding states: "All of the above . . . claims for relief were prayed for by the plaintiff in his petition to the court." These claims of error are also recited at length in the judgment.

The trial court had before it in the draft-finding the claims of law which the plaintiff desired to raise on appeal. It was not a lack of knowledge of what these claims were which led the court to refuse to make a finding, but its interpretation of this rule to require that the request for a finding must contain a separate statement of the questions of law arising in the trial desired to be reviewed, otherwise it was without authority to make a finding.

We think under the circumstances of this case this was a too literal construction of the rule and that the court should have made a finding and included therein the questions of law stated in plaintiff's draft-finding. The action is being prosecuted by the plaintiff in person who is not a member of the bar. In such a situation not only this court, but our highest trial court, so far as they properly can, will endeavor to see that such a plaintiff shall have the opportunity to have his case fully and fairly heard, and will endeavor to aid a result, such as this case presents, brought about by plaintiff's lack of legal education and experience, rather than to deny him an opportunity to be heard through a too strict construction of a rule of practice, when this course does not interfere with the just rights of the defendant, nor unduly impede the court in making a proper record for appeal.

The case is remanded and *Judge Simpson* directed to

make a finding in accordance with this opinion within a reasonable time.

In this opinion the other judges concurred.