[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Before the court is plaintiff's motion seeking this court to order the release, from the defendant's juvenile court file, of police reports and any related statements concerning an incident that occurred on or about July, 24, 1992. The defendant opposes the motion on the ground that the plaintiff has failed to demonstrate a compelling need for the information sufficient enough to overcome the presumption of confidentially of juvenile court records under General Statutes § 46b-124.
The relevant facts are as follows. Plaintiff, Norman Collins III, through his legal guardian, Doreen Binion, brought suit against minor defendants Eric Bray and Justin Carbee, and their respective parents, seeking compensation for personal injuries. Allegedly, the minor defendants were playing with fire and rubbing alcohol. In an attempt to make the fire bigger, the defendants allegedly poured more alcohol into a mug and threw a book of matches in the fire which suddenly spread and caused sever burns to the plaintiff.
Plaintiff now seeks to obtain the police reports and other statements contained in the juvenile file of Eric Bray in order to assist him in this civil action. According to the plaintiff's motion, he attempted to get the police reports from the juvenile court directly, but was denied access. The plaintiff now seeks an order from this court ordering the release of the same.
DISCUSSION
CT Page 6217
General Statutes § 46b-124 states in part:
 (a) All records of cases of juvenile matters as defined in section 46b-121, or any part thereof, including studies and reports by probation officers, social agencies and clinics, shall be confidential and for the use of the court in juvenile matters, and open to inspection or disclosure to any third party . . . only upon order of the superior court, except that . . . (2) information obtained from such records concerning the disposition of a criminal case shall be available to the victim of the crime provided such information shall not identify the juvenile involved, except that (A) the identity of the child or youth may be released to the victim upon written application by such victim to the court stating intent to bring a civil action for loss or damage resulting from such act; and (B) the identity of a child or youth adjudicated a delinquent may be released to the victim upon written application by such victim to the court . . . .
Both sides rely on the case of In re Sheldon G., 216 Conn. 563,583 A.2d 112 (1990). The plaintiff relies on Sheldon G. for the proposition that the court has discretion to lift the cloak of confidentially concerning juvenile matters, and that release of the police report in this case will not interfere with the defendant's privacy interests. The defendant counters thatSheldon G. establishes that the trial court has no direction to release any material from a juvenile file when, at the time of the incident, the defendant is a minor.
In Sheldon G. the plaintiff/victim sought release of information from the juvenile file of the defendant concerning neglect or delinquency proceedings in order to aid her in civil action against the defendant and the defendant's father. The plaintiff, who had been raped by the defendant, sought to show that the defendant's father was negligent in failing to obtain counseling for his son. In support of her motion, the plaintiff claimed that General Statutes § 46b-124 conferred broad discretion upon the Superior Court for juvenile matters to order disclosure of juvenile records to any third party having an interest therein. Id. 567. CT Page 6218
After an exhaustive review of the legislative history of the statute, the Supreme Court upheld the decision of the trial court not to release the contents of the file and noted:
 In sum, the debate surrounding the precise nuances of the amendments enacted in 1980 and 1982 amply demonstrates the legislature's intent to limit strictly the type of information available to victim's of juvenile offenses. While the legislative history of the statute as a whole does not support the trial court's conclusion that the legislature intended to eliminate all residual judicial discretion to permit disclosure in circumstances other than those enumerated in the various exceptions clauses, the history of these amendments does establish the boundaries for disclosure of information to victims for the purposes of civil litigation. The 1980 amendment specifically rejected a draft version that would have opened a juvenile's records for the purposes of civil discovery. The 1982 amendment did not restore in its entirety the discretion abrogated by the 1980 changes; rather, it carefully provided two additional circumstances in which a trial court could release one specific piece of information from a juvenile's record — the name of the juvenile — in order to facilitate a civil suit.
 We conclude, accordingly, that the present statute still affords discretion to the court to disclose information in circumstances neither enumerated in the statutory exceptions nor mandated by constitutional due process. The legislature has, however, manifested its intent to narrow the scope of the trial court's discretion insofar as the request for disclosure relates to an inquiry that directly implicates one of the statutory exceptions. It is from this perspective that we must analyze the request for disclosure in this case
(Emphasis added.) Id. 575-76.
The plaintiff seeks police reports from the defendant's CT Page 6219 juvenile file. All parties already know the names of the juvenile defendants. Therefore, release of the police report will not affect a significant privacy interest. The plaintiff has demonstrated a compelling need for the information. In his brief in support of his motion, plaintiff states that his request for the information was denied by the juvenile court. He has demonstrated that the information is not available to him through other means.
Furthermore, since the police report and accompanying statements can only be obtained through the records of the Juvenile Court proceeding, the minor victim has a "compelling need" for this information. Therefore, the motion to release the police report and accompanying statements from the Juvenile Court records is granted.