[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds the issues for the defendant on all counts.
The court finds that the plaintiff has failed to sustain her burden of proof that the defendant committed a civil violation of General Statutes § 47a-21.
The court finds that the plaintiff did not sustain her burden of proving that she was charged by anyone for the installation of the new refrigerator. In the lease the plaintiff agreed that the refrigerator would remain the property of the defendant.
The lease appears to contain terms proscribed by the General Statutes. There was no evidence that the defendant threatened to enforce such terms or attempted to enforce those terms. The plaintiff has not provided the court with authority that the mere existence of such terms constitutes a violation of General Statutes § 42-110a et seq. (CUTPA).
The sum of $100 was properly deducted from the plaintiff's security deposit in good faith because the plaintiff's February rent payment had been late by more than ten days.
With respect to the gas outage, the court finds that upon learning of it, the defendant promptly notified the gas company which may have been unable to promptly remedy the matter because of heavy regional problems related to the cold weather at that time.
The court finds that the defendant did not learn of the CT Page 2913 defendant's new address until, with his wife, he entered the apartment after it had been abandoned by the plaintiff, and found a note with the plaintiff's new address on the sink.
The plaintiff's reference to General Statutes § 42-1-201 is inapposite and the factual predicate to that provision was not proven.
The court sought to be solicitous of the plaintiff, who represented herself pro se, during the presentation of her testimony. "Although our courts are `consistently . . . solicitous of the rights of pro se litigants,' the rules of practice cannot be ignored to the detriment of other parties. Connecticut Light Power Co. v. Kluczinsky, 171 Conn. 516, 519,370 A.2d 1306 (1976); see also Higgins v. Hartford County Bar Assn., 109 Conn. 690, 692, 145 A. 20 (1929)." Oakland Heights Mobile Park, Inc. v. Simon, 36 Conn. App. 432, 436, 651 A.2d 281
(1994). Moreover, it would be fundamentally unfair to alter the rules so that one code of evidence would apply to the plaintiff and another to the defendant.
Judgment may enter for the defendant on all counts.
Bruce L. Levin Judge of the Superior Court