## IN RE JAMES B., JR.*

Superior Court
Juvenile Matters

---

\* Thus entitled in accordance with the spirit and intent of General Statutes § 46b-124 and Practice Book § 35-5.

Memorandum filed April 16, 1998

RESHA, J. Two juveniles, Humberto N. and the respondent, James B., Jr., allegedly caused a fire which resulted in damage to the property of the D.F. Bedient Company (Bedient). At the time of the fire, the petitioner, American Hardware Insurance Group (American), was the property insurance carrier for Bedient. As a result, American has paid approximately $300,000 to its insured, Bedient, for the fire damage. Additionally, American has filed a civil action in federal court against the juveniles and, claiming to be a victim,[1] has also filed a motion for release of both juveniles' records.

I

ISSUES

The issues raised by the present case are: (1) to what extent may the court release juvenile records to the

---

[1] Public Acts 1997, No. 97-257, § 6, provides: "Except as otherwise provided by the general statutes, 'victim of crime' or 'crime victim' means an individual who suffers direct or threatened physical, emotional or financial harm as a result of a crime and includes immediate family members of a minor, incompetent individual or homicide victim." Bedient clearly falls within the definition of a victim as its property was damaged by a fire allegedly caused by Humberto N. and James B., Jr. American claims that it is a victim given that it is subrogated to Bedient's rights, and, therefore, it stands in the same position as Bedient. "[T]he insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The principle has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter." (Internal quotation marks omitted.) Orselet v. DeMatteo, 206 Conn. 542, 546–47, 539 A.2d 95 (1988). While American may be correct in that they are a victim here given their subrogation rights, such an analysis may not be necessary. American may be a victim in its own right. American has suffered direct financial harm as

victim of a delinquent act pursuant to General Statutes § 46b-124 (e); and (2) whether records released pursuant to § 46b-124 (e) may be used in a civil action for damages.

## II

## DISCUSSION

Section 46b-124 (e) provides in pertinent part that "[t]he record of the case of a juvenile matter involving proceedings concerning a delinquent child, or any part thereof, shall be available to the victim of the crime committed by such child to the same extent as the record of the case of a defendant in a criminal proceeding in the regular criminal docket of the Superior Court is available to a victim of the crime committed by such defendant. . . . Records disclosed pursuant to this subsection shall not be further disclosed."[2] All delinquency records are confidential, and unless an exception to this rule of confidentiality exists, or the court determines that disclosure is in the child's best interest, the records may not be disclosed. "All records maintained in juvenile matters brought before the court, either current or closed, including the transcripts of hearings, shall be kept confidential." Practice Book

---

a result of a crime in that it paid its insured for property damage caused by a fire allegedly set by Humberto N. and James B., Jr. As such, American should be treated as a victim for purposes of General Statutes § 46b-124 (e).

[2] It is unclear whether § 46b-124 (e) requires a child to be adjudicated a delinquent before the victim is entitled to the release of any information. According to the legislative history for Public Acts 1995, No. 95-225, which created subsection (e), the purpose of this subsection was to notify the victim of the progress of the delinquency proceedings and to provide the victim with information throughout the juvenile process. See, e.g., 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2939, remarks of Representative Michael P. Lawlor (stating that "the victim [of a crime committed by a juvenile] could find out any information about the pendency of a case" and that the victim rights bill will allow the victim "simply to know what's going on"). To give effect to the legislative intent, therefore, § 46b-124 (e) must be interpreted to allow the victim access to information before there has been a delinquency adjudication.

§ 35-5 (b). "No material contained in the court record, including the predispositional study, medical or clinical reports, school reports, police reports and the reports of social agencies, may be copied or otherwise reproduced in written form in whole or in part by the parties or their counsel without the express consent of the court." Practice Book § 35-5 (c).

## A

### Release of Juvenile Records to Victim of Delinquent Act

Given that the victim of a crime committed by a juvenile is limited to the information available to a victim of a crime committed by an adult, it is necessary to determine what information is available to the latter. General Statutes § 51-286e (b) is the only statute addressing the issue. Section 51-286e (b) provides in pertinent part that "[t]he state's attorney . . . shall notify any victim of the offense . . . of any judicial proceedings relating to his case including (1) the arrest of the defendant, (2) the arraignment of the defendant, (3) the release of the defendant pending judicial proceedings, and (4) proceedings in the prosecution of the defendant, including entry of a plea of guilty, trial and sentencing." It appears from the legislative history that the legislature was referring to this statute when it enacted § 46b-124 (e). See, e.g., 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2939, remarks of Representative Michael F. Lawlor (stating that "[w]e have provided specifically in this bill that victims who are—which is a concept specifically defined already in our law, victims would have the same rights in the juvenile court as they do in the adult court"). More explicitly, the Connecticut constitution provides that "[i]n all criminal prosecutions, a victim . . . shall have the following rights . . . the right to information about the arrest, conviction, sentence, imprisonment and release of the accused. . . ." Conn. Const., amend. XXIX. As such, a victim in

adult court has a right to be notified of and to receive information regarding the procedural posture of the case.

In an adult criminal case, the victim has access to the "record"[3] of the case on file with the court clerk's office. This file is a public record and, therefore, any person can make copies of its contents. Traditionally, in the juvenile court, the file of a delinquency case was held to be confidential and not a public record. Thus, neither the victim nor the public had access to the contents of the record on file with the juvenile court. With § 46b-124 (e), however, the victim now has the same rights of access to the court file in juvenile court as a victim has in adult criminal court. The victim in a juvenile delinquency case, therefore, has access to the record on file with the court clerk and may make copies of its contents.[4]

---

[3] A record is defined as "an official contemporaneous memorandum stating the proceedings of a court or official copy of legal papers used in a case." Black's Law Dictionary (5th Ed. 1979). The record of court proceedings is defined as "[t]he official collection of all the trial pleadings, exhibits, orders and word-for-word testimony that took place during the trial." Id. As such, "[t]he 'record' includes pleadings, the process, the verdict, the judgment and such other matters as by some statutory or other recognized method have been made a part of it." Id.

[4] Like a victim in adult court, the victim in juvenile court will have access to the delinquent's name and address by virtue of access to the juvenile court file. Such a disclosure is consistent with the recent expansion of victim rights in § 46b-124 (e). Prior to the latest relevant amendment, General Statutes (Rev. to 1995) § 46b-124 (a) only provided for a limited release of information to the victim of a delinquent act. The only release of information allowed under that earlier version of the statute was the disclosure of the juvenile's identity to the victim "upon written application [indicating an] intent to bring a civil action for loss or damage resulting from such act," or upon written application following the adjudication of the juvenile as a delinquent. The current version of § 46b-124 (e), however, has greatly expanded a victim's access to juvenile records by making it the same as that available to a victim in adult court, and does not limit such disclosure to the juvenile's identity upon written application.

The names and addresses of the juvenile's parents will most likely also be included in the court file and, as such, open to access by the victim. If such information is not contained in the court file, the court may, in its

Section 46b-124 (e) employs the phrase "record of the case," not "the prosecutor's case file." In that regard, the victim does not have the right to the release of any and all information contained in the prosecutor's case file. The prosecutor's case file is not filed with the court clerk's office and, therefore, it is neither a public record, nor is it available for disclosure to the victim or to the public.

There is one document typically contained in the prosecutor's case file, however, which may be open to disclosure to the victim. This is the police report. Typically, police reports regarding delinquency have been held confidential from disclosure to the victim and to the public. Yet, in adult proceedings, the victim, or the public for that matter, can receive a copy of any relevant police reports by simply requesting one from the police department.

It may be argued that since the victim of a juvenile crime is to receive the same access as a victim of an adult criminal act, the victim in juvenile court should be able to request and to receive a copy of the police report from the prosecutor. See *Collins* v. *Carbee*, Superior Court, judicial district of New London at New London, Docket No. 529623 (June 28, 1995) (15 Conn. L. Rptr. 66) (*Hurley, J.*) (granting motion to release police report, under previous version of § 46b-124 (e), given that victim had demonstrated compelling need for information and that it was not available by any other means). In the court's discretion, a police report, or

discretion, release the names and addresses of the parents if the victim demonstrates a legitimate interest in the information. Section 46b-124 (d) provides in pertinent part that "[t]he record of the case of a juvenile matter involving proceedings concerning a delinquent child, or any part thereof, may be disclosed upon order of the court to any person who has a legitimate interest in the information and is identified in such order." The victim could probably accomplish this by making a showing to the court that it planned to file a civil action against the parents for the loss or damage caused by the juvenile's actions and that the information is not available by other means.

any other document, may be released pursuant to § 46b-124 (d) if the victim demonstrates a legitimate interest in the information. Otherwise, a victim would only be able to get a copy of the police report, or other document, if it is entered into evidence as an exhibit, thereby becoming a part of the record open to inspection and copying by the victim.

A victim may make the argument that it should have access to all juvenile records given that § 46b-124 (e) grants it access to the "record of the case," and that § 46b-124 (b) seems to define the "record of the case" as "including court records, records of law enforcement agencies including fingerprints, photographs and physical descriptions, and medical, psychological, psychiatric and social welfare studies and reports by probation officers, public or private institutions, social agencies and clinics . . . ." Section 46b-124 (c) provides for the sharing of all such information between and among various government officials and agencies involved with delinquent children. Disclosures to victims pursuant to § 46b-124 (e), however, are limited to the extent that they would be made in adult court. As discussed previously, disclosure in adult court would not necessarily consist of all the types of records listed in § 46b-124 (b) unless they had been made part of the record on file in the clerk's office which is open to the public. As such, all of the information listed in § 46b-124 (b) is available for disclosure between and among governmental officials and agencies involved with the delinquent child, but is not automatically available for disclosure to the victim, unless it has been made a part of the court record on file at the clerk's office.[5]

---

[5] The legislative history for Public Acts 1995, No. 95-225, supports construing § 46b-124 as allowing for complete disclosure among and between government officials and agencies, while allowing juvenile courts to disclose to victims only that information which would be allowed in adult court. See 38 H.R. Proc., supra, p. 2938, remarks of Representative Lawlor (stating that "[s]econdly, we have changed the provisions regarding confidentiality. A

If any documents are released to a victim, the court should be certain that they do not contain any privileged material. Pursuant to statutes in Connecticut, certain communications are privileged from disclosure absent consent to disclose, or an exception permitting disclosure. See, e.g., General Statutes § 52-146b (privileged communications made to clergymen by penitent); General Statutes § 52-146c (privileged communications between psychologist and patient); General Statutes § 52-146d through § 52-146f et seq. (privileged communications between psychiatrist and patient); General Statutes § 52-146k (privileged communications between battered women's or sexual assault counselor and victim); General Statutes § 52-146o (privileged communications between physician, surgeon or health care provider and patient); General Statutes § 52-146p (privileged communications between marital and family

great many people were frustrated by the confidentiality in the juvenile justice system. In this bill, we allow any professional working within the system, in other words, the prosecutors, the probation officers, the Department of Children and Family social workers, the teachers, the police officers, people from private organizations which have contracted with the court to provide supervision to adults in the—or to juveniles going through the system, can talk to one another about the case. There are no confidentiality restrictions for those people talking about cases pending within the system."); 38 H.R. Proc., Pt. 16, 1995 Sess., p. 5653, remarks of Representative Lawlor (stating that "there can be no question that employees prosecutors, investigators and other employees of what is currently within the judicial branch, the juvenile prosecutor's office and the juvenile probation office can exchange any and all information with regard to pending juvenile cases, or pending investigations with their [counterparts] in the division of Criminal Justice"); 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2939, remarks of Representative Lawlor (stating "[n]ext, victim rights. We have provided specifically in this bill that victims who are—which is a concept specifically defined already in our law, victims would have the same rights in the juvenile court as they do in the adult court. For example, to be present at sentencings, to have contact with the prosecutorial officials about the pendency of any case, to receive restitution, to ask for and receive protective orders. And simply to know what's going on. . . . So this would eliminate those restrictions and say that for a victim of a crime, as I said, it's a concept that's already defined in our state statutes, the victim could find out any information about the pendency of a case . . . .").

therapist and person consulting such therapist); General Statutes § 52-146q (confidential communications between social worker and person consulting social worker). Victims of crime, whether in adult or juvenile court, may not receive privileged documents unless consent to disclose is given, or an exception applies to the rule granting privileged status.

The victim of a delinquent act has the right to be notified of and to receive information regarding the procedural posture of the case as it proceeds through the juvenile system. Additionally, the victim has access to the "record" of the case on file with the court clerk's office, and can make copies of its contents. More specifically, the victim will have access to the delinquent's name and address, and may have access to the names and addresses of the juvenile's parents. The victim does not, however, have a right to the release of any and all information contained in the prosecutor's case file, except perhaps for the police report or for any other document in which the victim has shown a legitimate interest. Privileged material contained in documents set to be released to a victim, therefore, must be deleted from the documents prior to such disclosure, unless there is consent to the disclosure or an applicable exception permitting disclosure.

B

Use of Released Juvenile Records in a
Civil Action for Damages

Section 46b-124 (d) provides in pertinent part that "[s]uch records disclosed pursuant to this subsection shall not be further disclosed." Although the court may order documents from juvenile records to be released, the victim may not disclose any information contained in the records to anyone else. A victim, therefore, is not permitted to use the actual records or documents

released by the juvenile court in a civil action for damages. The victim may, however, use the information contained in released documents to uncover evidence which is admissible in the civil case.

## III

## CONCLUSION

American has the right to be notified of and to receive information regarding the procedural posture of the case as it proceeds through the juvenile system. Additionally, American has access to the "record" of the case on file with the court clerk's office, and can make copies of its contents. More specifically, American will have access to the names and addresses of Humberto N. and James B., Jr., and may have access to the names and addresses of the parents of Humberto N. and James B., Jr. American does not, however, have a right to the release of any and all information contained in the prosecutor's case file, except perhaps for the police report or any other document in which American has shown a legitimate interest. In any event, privileged material in documents set to be released to American must be deleted from the documents prior to such disclosure, unless there is consent to the disclosure or an applicable exception permitting disclosure. Finally, any documents released to American shall not be used by American in a civil action for damages. American may, however, use the information contained in released documents to uncover evidence which is admissible in the civil case.