MEMORANDUM OF DECISION AND ORDER
I. BACKGROUND
The Motion before the court seeks, pursuant to Conn. Gen. Stat. § 46b-124, disclosure of confidential court record(s) concerning the above-captioned, deceased minor child (hereinafter the "child"). By Motion dated July 14, 1999 (the "Motion"), Memorandum of Law, dated August 16, 1998 ("Memorandum"), and Supplemental Memorandum of Law, dated August 30, 1999, Daniel O. CT Page 12530 Tully, the administrator of the child's estate (the "movant"),[2] seeks disclosure of records and reports relating to the child, generated by a court-appointed psychologist, Dr. Franklin.
The child had been the subject of delinquency proceedings before the court; pursuant to court order, Dr. Franklin conducted an evaluation of the child.[3] According to the Motion, Par. 4, Dr. Franklin refused to provide a copy of his report to the movant since his report was prepared pursuant to a referral from the Superior Court for Juvenile Matters and was, therefore, deemed confidential.
The Motion further states, at Par. 7, that the "minor's estate is in need of said records for the prosecution of a claim on behalf of the minor." The movant avers that he needs the requested information to "evaluate the potential merit of a claim," Memorandum at 6, of "malpractice." Id. at 5. The Memorandum, at 1, notes that the child died on December 28, 1998, "while at the Long Lane facility as a result of a suicide." The movant further indicated the estate's willingness to provide "medical authorizations on behalf of the juvenile" and contends that it has "no alternative means of discovery from Dr. Franklin." Id. at 4-5.
The Attorney General's office was notified of the pendency of the Motion. Oral argument was heard by the court on August 3 and 19, 1999. The Attorney General's office's representatives who were present stated that the Attorney General took no position on the relief sought in the Motion.
II. DISCUSSION
The movant argues that disclosure should be ordered pursuant to either Conn. Gen. Stat. § 46b-124 (c) or (d). Memorandum at 2-6. Subsection (c) provides that records of cases of juvenile matters involving delinquency proceedings shall be available to "(i) the attorney representing the child . . . in any proceeding in which such records are relevant, (ii) the parents or guardian of the child, until such time as the subject of the record reaches the age of majority, (iii) the subject of the record, upon submission of satisfactory proof of the subject's identity . . ."
Subparagraph (d) provides that CT Page 12531
 [T]he record of the case of a juvenile matter involving delinquency proceedings, or any part thereof, may be disclosed on order of the court to any person who has a legitimate interest in the information and is identified in such an order. Records disclosed pursuant to the subsection shall not be further disclosed.
Since the court finds that disclosure is warranted under § 46b-124 (d), it need not reach the question of whether or not an estate is entitled to review the delinquency proceeding record under subsection (c). As our Supreme Court has noted, when engaging in statutory interpretation, courts must "construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." Turner v. Turner, 219 Conn. 703, 712,595 A.2d 297 (1991).
Section 46b-124 has been amended a number of times. In construing language present in the former statute, the Supreme Court stated that the wording reflected "the legislature's frequent reconsideration of the competing interests involved in protecting the confidentiality of records regarding juveniles who have caused harm to others." In re Sheldon G., 216 Conn. 563,584, 583 A.2d 112 (1990). Further, the court noted that the statutory exceptions to confidentiality "represents the legislature's considered judgment that compilations of highly sensitive records by the order and authority of the Superior Court for Juvenile Matters should not be regarded as a vehicle for civil discovery." Id. Nevertheless, the Supreme Court noted that the Superior Court retained "some residual discretion to order disclosure in circumstances not precisely addressed by the statute . . ." Id. In circumstances involving "compelling need", "non-consensual disclosure" was permissible.
The present statute affords the court discretion under subsection (d). As noted, disclosure may be permitted by court order to "any person who has a legitimate interest" in the record. Conn. Gen. Stat. § 46b-124 (d).
The court finds the movant's interest to be legitimate for the following reasons. The movant is the deceased child's estate's legal representative. If the child were now alive and had reached the age of majority, subsection (c) (iii) clearly would give her the right to review of the record. CT Page 12532
An estate's administrator may pursue legal claims on its behalf. The legitimacy of the movant's interest is confirmed by the moving papers' cited need to review Dr. Franklin's report concerning the child in order to assess the validity of a possible claim for malpractice. The fundamental principles establishing the right of a person to legal redress are well established in Connecticut. Binette v. Sabo, 244 Conn. 23, 31,710 A.2d 688 (1998); Sanzone v. Board of Police Commissioners,219 Conn. 179, 194-97, 592 A.2d 912 (1991). The estate should not be denied the opportunity to investigate a potential claim because the psychological evaluation which occurred was the result of the pendency of delinquency proceedings. The subject of such a proceeding has the same right to redress that a person who is not involved in such cases is entitled to enjoy.
Having offered to provide a medical authorization to the psychologist, and the psychologist having declined on the basis of the confidential nature of juvenile matters, the movant has no alternative means of securing the report which is sought. It should be noted also that Conn. Gen. Stat. § 52-146c(b), the statute concerning psychologist-patient confidentiality, provides that the disclosure of confidential records may occur after "the person or his authorized representative consents to waive the privilege and allow such disclosure." The movant is entitled to review of the court-ordered report authored by Dr. Franklin.[4]
 ORDER
Having found that the movant is entitled to review Dr. Franklin's report, the court has conducted an in camera review of the court's files and orders as follows:
 1) The Clerk of the Superior Court for Juvenile Matters shall provide counsel for the movant with a copy of Dr. Franklin's report, dated February 4, 1998, filed with the court at Plainville on February 17, 1998, consisting of five (5) pages (the "report"), which is contained in the court's records. This report may be reviewed by movant's counsel and by the movant himself only.
 2) In accordance with Conn. Gen. Stat. § 46b-124 (d), no further disclosure of the report shall be made by movant's counsel or by the movant.
So ordered. CT Page 12533
BY THE COURT
SHAPIRO, J.