WANDA TRAPPE *v.* ROBERT D. BOLGARD
(AC 23282)

Dranginis, West and Hennessy, Js.

Submitted on briefs October 30—officially released December 2, 2003

*Wanda Trappe*, pro se, the appellant (plaintiff), filed a brief.

*Christopher J. Hug* and *Edward J. Heath* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Wanda Trappe, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment filed by the defendants, Robert D. Bolgard and Fleet Bank, N.A. On appeal, the plaintiff appears to claim that the court failed to consider evidence that would demonstrate that the defendants had engaged in a continuing conceal-

ment of facts, which barred the running of the statutes of limitation on her complaint.

Although we attempt to construe the rules of practice liberally in dealing with pro se litigants; see *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d 323 (1999); we simply cannot consider a claim when the plaintiff has provided the court with what amounts to a one page brief that is devoid of any legal authority for or analysis of her claim. We decline to review claims when "[n]othing more than [a] bare statement, without citation to legal authority, appears in [the appellant's] brief. Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Russell* v. *Russell*, 61 Conn. App. 106, 108, 762 A.2d 523 (2000). "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Baris* v. *Southbend, Inc.*, 68 Conn. App. 546, 550–51, 791 A.2d 713 (2002). Accordingly, we decline to review the plaintiff's claim and deem it abandoned.

The judgment is affirmed.