# IN RE WILLIAM H.*
## (AC 24134)

Flynn, Bishop and DiPentima, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-124 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued November 15, 2004—officially released April 19, 2005

*Philip M. French*, for the appellants (victim et al.).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Joanne Goldberg*, juvenile prosecutor, for the appellee (state).

*Opinion*

DiPENTIMA, J. The appellants[1] appeal from the judgment of the Juvenile Court granting in part and denying in part their motion for the release of materials within the possession of the court, the prosecutor's office and the Stamford police department. The sole appellee, the

---

[1] The appellants are two juvenile girls and their parents who are plaintiffs in an underlying civil action, which arose out of a delinquency case regarding the respondent's criminal behavior against the juvenile girls.

state, limits its opposition on appeal to the requested release of materials within the state's case file. On appeal, the appellants claim that the court improperly limited the disclosure sought and ruled on an ex parte inquiry seeking the advice of the Juvenile Court as to a court order issued by a second court sitting in civil session. We reverse in part the judgment on the motion for disclosure, and we reverse the court's advice of court.

The procedural history of this appeal involves two cases, one in juvenile matters and one in the civil division. On November 20, 2001, the respondent, William H., was adjudicated delinquent by the Juvenile Court on charges of risk of injury to two minor girls. After the close of the juvenile case, the victims and their parents brought a civil action in the Superior Court against the respondent and his parents, asserting various causes of action arising out of the matter in the Juvenile Court.

On September 25, 2002, the respondent's mother filed a motion in the juvenile case for the release of all materials in the possession of the court and the Stamford police department regarding the investigation and prosecution of the respondent. Specifically, the mother sought the videotaped statements of the victims, statements of the victims' parents, photographs of the premises where the alleged crimes occurred, psychiatric examinations of the respondent and any medical examinations of the victims.

On October 8, 2002, the victims and their parents filed a motion in the civil case for the release of materials within the possession of the court, the prosecutor's office and the police department relating to the juvenile action. The motion was transferred to the Juvenile Court, to be heard in conjunction with that of the respondent's mother.

The court, sua sponte, appointed three guardians ad litem, one for each of the minor victims and one for the respondent. Those guardians were directed to examine the files, to discuss the requested disclosures with all counsel in the civil action and to consider, in light of relevant law and the best interests of the children, what part of the requested disclosures should be granted. At a January 28, 2002 hearing on the motions, all parties to the civil action appeared through counsel, and the state, the respondent's probation officer and the guardians were present. Defense counsel for the respondent in the delinquency action was not present. At argument, all parties to the civil action agreed to the release of all the requested material contingent on a confidentiality agreement. The guardians generally objected to disclosure on the basis of General Statutes (Rev. to 2001) § 46b-124 and *In re James B., Jr.*, 45 Conn. Sup. 315, 714 A.2d 735 (1998). It was the position of the victims' guardians that the victims had the right to access many of the documents sought, but could not use them in the civil action, even if it were in the best interests of the victims to do so. The guardian for the respondent stated that his position on disclosure remained the same as he previously had stated to the court, but should the court permit disclosure, he had divided the materials sought into those the disclosure of which would be harmful or not harmful to the respondent.[2] The state apparently expressed its position in a memorandum given to the court,[3] but orally argued that any disclosure granted should be monitored by the guardians, that photocopying should be prohibited and that because the psychological examinations were privileged, they should not be disclosed to the victims.

---

[2] Apparently, the guardian for the respondent previously had expressed his position to the court. Because we have no transcript of any hearing containing that expression, his position is unclear.

[3] That memorandum is not in the case file, nor is it clear whether it was provided to other counsel present.

By memorandum of decision filed February 6, 2003, the Juvenile Court granted both motions for disclosure in part and denied them in part. As to the request of the respondent's mother, pursuant to General Statutes (Rev. to 2001) § 46b-124 (b), and on her showing of compelling need, the court granted her access to the police report, statements of the victims' parents, photographs of the premises, psychosexual evaluations of the respondent and the videotaped statements of the victims. As there was no record of any medical reports on the victims, the request for those was denied as moot.[4] As to the victims' request, pursuant to article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments, and General Statutes (Rev. to 2001) § 46b-124 (e) and *In re James B., Jr.*, supra, 45 Conn. Sup. 315, the court granted the victims access to the police report, written statements, the victims' videotaped statements and all other items in the court file that the guardians listed as disclosable. The victims were denied access to the respondent's psychosexual reports as privileged, and the files of the prosecutor and the probation office, as they are not court files and are not generally open to discovery. Those items the court ordered disclosed were subject to a confidentiality requirement, pursuant to § 46b-124, under which they could not be disseminated to third parties or otherwise used in the civil action. The victims' videotaped statements could be viewed, but could not be transmitted to any attorney without further order of the court. The Juvenile Court also indicated that it would allow the videotaped statements to be released to the Superior Court under seal for the purpose of testimony in the civil action should all attorneys therein stipulate that that material would be used in lieu of new testimony by the victims.

[4] There is no challenge on appeal to the court's action on the motion by the respondent's mother.

The victims and their parents requested reconsideration by motion dated February 26, 2003, claiming that the court incorrectly determined that the respondent could not waive confidentiality and the limitations imposed by § 46b-124, and improperly limited the victims' access to and use of their own statements, especially as the tapes did not belong to the court but to a private child welfare organization. The motion further stated that the victims and their parents were having difficulty accessing the materials ordered disclosed and suggested that the records be collected so that they could be reviewed properly.[5] The Juvenile Court heard oral argument on March 25, 2003. Present at the hearing were the state, the respondent's guardian, a guardian for one of the victims and counsel in the civil action for each of the respondent's parents and for the victims and their parents. At argument, the court clarified that the parties were free to obtain access to the information sought from other sources, but that any of the materials ordered disclosed, from whatever source, were to remain confidential. The parties were also given a copy of the police report from the prosecutor's file. The victims and their parents appealed from the decision of the Juvenile Court.

After the filing of this appeal, but prior to oral argument, the Juvenile Court issued an advice of court in response to an ex parte communication from the respondent's criminal defense attorney, dated October 21, 2003.[6] The communication requested a hearing and the court's advice on what materials in his possession could be disclosed in the civil case. In a letter from the court dated October 30, 2003, the court directed the

[5] It should be noted that the attorneys in the civil action have been unable to address the specific materials requested because they have not been given access to the Juvenile Court file.

[6] The letter and all further communication concerning that issue were sent only to the court and to the prosecutor in the juvenile case.

attorney to submit to the court a list of those items and materials in his possession about which he was concerned. By letter dated December 1, 2003, the attorney provided such a list. That letter disclosed that the inquiry was based on an order issued in the civil matter directing the civil defendants to obtain and to disclose materials in the possession of the respondent's criminal defense attorney. In the advice of court issued December 30, 2003, the court stated that the psychological evaluations of the respondent performed by a psychologist that he had retained were not part of the court file and therefore not subject to the court's order, that the court-ordered psychological tests were not to be disclosed as per the order, that the victims were entitled to the arrest warrant application and accompanying affidavits and to investigative police reports also per the order, but that the presentence investigation and interim reports prepared by the court support services division exceeded the scope of the court order and were not to be disclosed. Following the issuance of the advice of court, the appellants filed a request for reconsideration or articulation with the court, which was denied summarily. The appellants, thereafter, filed an amended appeal.

I

The dispositive issue on appeal is whether the court properly applied § 46b-124.[7] Our review of the court's

---

[7] General Statutes (Rev. to 2001) § 46b-124 provides in relevant part: "(b) All records of cases of juvenile matters involving delinquency proceedings, or any part thereof, including court records, records of law enforcement agencies including fingerprints, photographs and physical descriptions, and medical, psychological, psychiatric and social welfare studies and reports by probation officers, public or private institutions, social agencies and clinics, shall be confidential and for the use of the court in juvenile matters and shall not be disclosed except as provided in this section.

"(c) Records of cases of juvenile matters involving delinquency proceedings shall be available to . . . (2) . . . (C) . . . (i) the attorney representing the child, including the Division of Public Defender Services, in any proceeding in which such records are relevant, (ii) the parents or guardian of the child, until such time as the subject of the record reaches the age of

interpretation of § 46b-124 and its application to the facts of this case is plenary. See *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 839, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003).

Section 46b-124 provides in general for the confidentiality of records in delinquency proceedings and directs that any records released by the court are not to be further disclosed. It is the appellants' position that the statute applies only to contested discovery requests for juvenile records and that the statutory confidentiality requirements do not apply in this case because all parties to the civil action waived the protection of the statute. The questions before us are, therefore, whether § 46b-124 can be waived and, if so, whether it was effectively waived in this case.

In general, "rights granted by statute may be waived unless the statute is intended to protect the general rights of the public rather than private rights." *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 175, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996).

---

majority . . . . Such records disclosed pursuant to this subsection shall not be further disclosed . . . .

"(d) The record of the case of a juvenile matter involving delinquency proceedings, or any part thereof, may be disclosed upon order of the court to any person who has a legitimate interest in the information and is identified in such order. Records disclosed pursuant to this subsection shall not be further disclosed.

"(e) The record of the case of a juvenile matter involving delinquency proceedings, or any part thereof, shall be available to the victim of the crime committed by such child to the same extent as the record of the case of a defendant in a criminal proceeding in the regular criminal docket of the Superior Court is available to a victim of the crime committed by such defendant. The court shall designate an official from whom such victim may request such information. Records disclosed pursuant to this subsection shall not be further disclosed. . . ."

Practice Book § 30a-8 is the equivalent of the statute and states that all records maintained in juvenile matters shall be kept confidential and, except as provided by statute, not released without the express order of the court.

Our Supreme Court has recognized that the provisions of § 46b-124 can be waived, stating that "[t]he judges of the juvenile courts have long construed the confidentiality requirements of § 46b-124 . . . to require the written consent of the juvenile and of his parent, if he is still a minor, to waive the protection of the statute." *In re Sheldon G.*, 216 Conn. 563, 577 n.11, 583 A.2d 112 (1990). In *In re Sheldon G.*, a victim of sexual assault requested the juvenile records of her assailant for use in a civil action. Id., 564–65. The Supreme Court concluded that, despite a prior consensual release of medical records, because the respondent in that case had never "provided express written consent to the release of his juvenile court records," he had not waived his right to assert the protection of the statute.[8] Id. Implicit in the *In re Sheldon G.* holding is the conclusion that § 46b-124 may be waived by a juvenile. Because § 46b-124 may be waived, it follows that the statute applies only to contested requests for the disclosure of juvenile records.

We now consider whether waiver in fact occurred. The request for disclosure filed with the Juvenile Court by the respondent's mother expressed in written form her consent to the full disclosure of the respondent's juvenile records. Presumably, the letters from counsel for the respondent and the respondent's father attached to the disclosure request did the same.[9] Furthermore, all counsel in the civil case articulated to the Juvenile Court that all parties consented to the release of the materials sought subject to a confidentiality agreement. Were that the extent of the record at trial, it would be clear that the respondent had effectively waived the

---

[8] We note that Practice Book § 1063, which expressly provided for written waivers of rights under General Statutes § 46b-124 by a juvenile, was repealed in 1993.

[9] The record does not include a copy of those letters.

protection of § 46b-124.[10] The appellants would have a right to view and to use the materials requested subject to the confidentiality agreement between the parties to the civil action. A number of procedural irregularities occurred at trial, however, making it impossible for us to determine whether the respondent in fact waived the protection of § 46b-124.

The first procedural problem is the court's appointment of the guardians ad litem for the three minor children. It is not entirely clear from the record whether the appointment of guardians was appropriate. The court's authority and its reasoning for appointing the guardians under the circumstances of this case are not apparent. The matter before the court was a request for discovery in a civil case in which all the minors were represented by counsel. In addition, the record provides no indication that the minors' parents were incompetent to represent their children's interests. The court held no hearing to determine whether in fact there was a need for guardians to be appointed. The record is, therefore, unclear as to whether the guardians in fact had standing to object to the requested disclosure.

Our second concern is the guardians' role in the decision-making process of the court. As a general rule, the role of a guardian ad litem is to represent the best interest of the child. See *In re Tayquon H.*, 76 Conn. App. 693, 704, 821 A.2d 796 (2003). It would follow that in this case, the guardians' role would have been to review the materials requested and to communicate to the court which materials they believed should or should not be released in light of the best interests of the children they represented.[11] The guardians, however,

[10] The respondent would have waived not only the protection of the statute, but also any privilege that may have attached to the documents in the court record.

[11] It would seem that to determine the best interests of the children in this case, the guardians would need to meet with their wards and counsel in the civil case. The appellants assert that they did not do so, and the record gives no indication to the contrary.

premised their opinions as to what the court should or should not release on whether § 46b-124 precluded the requested disclosure. As previously discussed, the statutory provision applies only after opposition to disclosure is voiced by the concerned party. Because the victims' guardians voiced their opinions on the requested materials in terms of § 46b-124, we have no record of what disclosure they believed was in or not in the best interests of their wards. As for the respondent's guardian, his position on disclosure is not documented because any communication to the court on the matter occurred off the record or in a written list that is not included in the court file. The record, therefore, does not inform this court whether the guardians in fact objected to disclosure on the basis of the best interests of the children or, if they did so, what materials in particular were considered objectionable.

We conclude that the record is inadequate for us to determine whether the provisions of § 46b-124 have in fact been waived.[12] We accordingly remand the case for further proceedings to determine whether the respondent has waived the protection of § 46b-124.

It is clear from the record that the state made a blanket objection before the Juvenile Court to the disclosure of any of the requested materials. The grounds for that objection are unknown, however, because the memorandum in which the state apparently expressed its opinion is not part of the record. Regardless, on appeal the state has chosen to object only to the requested disclosure of its file. We therefore deem its wholesale objection to the appellants' discovery request waived and consider its objection to the disclosure of its own file only.

The Juvenile Court denied the appellants access to the state's case file except for a copy of the police

---

[12] We note that this deficiency in the record could not be remedied by either an articulation or a rectification.

report. On appeal, the appellants do not raise any specific claim regarding right of access to the state's case file. Because that issue was not raised or adequately briefed on appeal, it is deemed abandoned. See *Trappe* v. *Bolgard*, 80 Conn. App. 384, 385, 835 A.2d 115 (2003).

II

In light of our remand on the issue of whether § 46b-124 applies on the facts of this case, the appellants' claim regarding the request for advice of court as to the civil discovery order requires little discussion. Whether the substance of the court's advice is correct will depend on the court's conclusion regarding the applicability of § 46b-124. We would note, however, that ex parte communication between a judge and attorney or party to a case is generally impermissible. See Code of Judicial Conduct, canon 3. The attorney seeking the advice of court did notify opposing counsel in the delinquency proceeding, the state, but did not provide notice to the parties to the civil case, the proceeding from which the discovery order emanated. We are more concerned, however, by the court's failure to provide the parties to the civil litigation the opportunity to be heard on the matter. Because the request for advice of court affected the rights of the parties to the civil action, the court should not have considered and acted on the request without providing those parties the opportunity to be heard. As no such opportunity to be heard was afforded, reversal is required.

The judgment of the trial court denying, in part, the appellants' motion for disclosure is reversed and the case is remanded for further proceedings to determine whether the respondent waived the protection of § 46b-124. The trial court's advice of court is reversed and the request for advice of court is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.