## FRANK VERDERAME *v.* TRINITY ESTATES DEVELOPMENT CORPORATION ET AL.
### (AC 26132)

Bishop, DiPentima and McLachlan, Js.

Submitted on briefs September 27—officially released November 1, 2005

*Ronald F. Bozelko* filed a brief for the appellants (defendants).

*Leonard A. Fasano* filed a brief for the appellee (substitute plaintiff).

*Opinion*

PER CURIAM. The defendants, Trinity Estates Development Corporation[1] and James R. McMahon II, appeal

---

[1] Trinity Estates Development Corporation (Trinity) was defaulted for failure to plead on October 27, 2003. A review of the record, however, indicates that Trinity had filed an answer and a special defense of payment on March 11, 2002, to which the plaintiff never filed a responsive pleading. During trial, when the substitute plaintiff's counsel commented on Trinity's failure to answer the complaint, the court corrected counsel and stated that Trinity had filed an answer. Nevertheless, in its memorandum of decision, the court found that Trinity had been defaulted for failure to plead. Despite that, the court does not appear to have treated Trinity as a defaulted party. The defendants did not raise an issue concerning the default or the plaintiff's failure to respond to the special defense either with this court or with the trial court. Accordingly, we will not address it further.

from the judgment of the trial court finding them liable to the substitute plaintiff, Anthony V. Verderame,[2] in the amount of $143,000 plus interest for the balance due on a promissory note. On appeal, the defendants ask us to decide if "the court err[ed] in its finding of facts and conclusions of law."[3] Because of the lack of legal analysis in the defendants' brief, we decline to review the court's findings to determine whether they were clearly erroneous and, accordingly, affirm the judgment of the trial court.

In their brief, the defendants allege that thirteen separate factual findings or omissions by the court were clearly erroneous. They list each allegedly erroneous finding or omission and make abstract assertions as to why they believe each to be improper or contrary to the defendants' testimony, arguing that the court should have credited the testimony of McMahon and his son, James McMahon III. No legal analysis, however, is set forth in the brief.

"[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Ward* v. *Greene*,

---

[2] The original plaintiff, Frank Verderame, died during the pendency of this litigation. His son, Anthony V. Verderame, was appointed executor of his estate and was substituted as the party plaintiff in this matter.

[3] The defendants' statement of the issue, contained in their appellate brief, is as follows: "Did the Court err in its finding of facts and conclusions of law?"

We note that this statement does not comply with Practice Book § 67-4 (a), which provides in relevant part that the appellant's brief shall contain "[a] concise statement setting forth, in separately numbered paragraphs, without detail or discussion, the principal issue or issues involved in the appeal, with appropriate references to the page or pages of the brief where the issue is discussed . . . . The court may refuse to receive a brief not complying with this requirement. Such statement shall be deemed in replacement of and shall supersede the preliminary statement of issues."

267 Conn. 539, 546, 839 A.2d 1259 (2004). "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Trappe* v. *Bolgard*, 80 Conn. App. 384, 385, 835 A.2d 115 (2003). We cannot reach the merits of the defendants' claims because their brief is devoid of any legal analysis and, therefore, we deem their claims abandoned.

The judgment is affirmed.